BRIAN M. LUTZ, SBN 255976
(*application for admission forthcoming*)
  blutz@gibsondunn.com
JEFFREY S. ROSENBERG
(*pro hac vice application forthcoming*)
  jsrosenberg@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:  415.393.8200

ALEXANDER K. MIRCHEFF, SBN 245074
  amircheff@gibsondunn.com
CAROLINE K. MONROY, SBN 329018
  cmonroy@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:  213.229.7000

*Attorneys for Defendants Progenity, Inc.,
Harry Stylli, Eric d'Esparbes, Jeffrey Alter,
John Bigalke, Jeffrey Ferrell, Brian L.
Kotzin, Samuel Nussbaum, and Lynne
Powell*

MATTHEW W. CLOSE, SBN 188570
  mclose@omm.com
MEG K. LIPPINCOTT, SBN 324713
  mlippincott@omm.com
YUAN (GRACE) ZHONG, SBN 318808
  yzhong@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071-2899
Telephone:  213.430.6000

DANIEL L. CANTOR
(*pro hac vice*)
  dcantor@omm.com
O'MELVENY & MEYERS LLP
Times Square Tower
7 Times Square
New York, NY 10036-6537
Telephone:  212.326.2000

*Attorneys for Defendants Piper Sandler
& Co., Wells Fargo Securities, LLC,
Robert W. Baird & Co. Incorporated,
Raymond James & Associates, Inc., and
BTIG LLC*

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE PROGENITY, INC. SECURITIES LITIGATION | CASE NO. 20cv1683-CAB-AHG<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS THE AMENDED COMPLAINT**<br><br><u>Hearing</u><br>Date:          May 10, 2021<br>Courtroom: 15A<br>Judge:        Hon. Cathy Ann Bencivengo<br><br>PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**

**PLEASE TAKE NOTICE THAT** Defendants Progenity, Inc., Harry Stylli, Eric d'Esparbes, Jeffrey Alter, John Bigalke, Jeffrey Ferrell, Brian L. Kotzin, Samuel Nussbaum, Lynne Powell, Piper Sandler & Co., Wells Fargo Securities, LLC, Robert W. Baird & Co. Incorporated, Raymond James & Associates, Inc., and BTIG, LLC (collectively, "Defendants") respectfully request that the Court take judicial notice of and/or incorporate by reference Exhibits A through D attached to the accompanying Declaration of Alexander K. Mircheff in support of Defendants' Motion to Dismiss the Amended Complaint ("Motion").

## I.    DISCUSSION

In ruling on a motion to dismiss, the court may consider documents incorporated by reference into the complaint and matters subject to judicial notice.  *In re Obalon Therapeutics, Inc.*, 2019 WL 4729461, at *3 (S.D. Cal. Sept. 25, 2019) (citing *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 998, 1002 (9th Cir. 2018) and Fed. R. Evid. 201(b)).  The court "can consider documents under the 'incorporation by reference' doctrine when a plaintiff 'refers extensively to the document or the document forms the basis of the plaintiff's claims.'"  *Id.* (quoting *Khoja*, 899 F.3d at 1002).  In addition, matters are properly subject to judicial notice if they are (1) "generally known within the trial court's territorial jurisdiction[,]" or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).

### A.    Progenity's Prospectus

The Court may consider Progenity's Prospectus on Form 424(b)(4), filed with the Securities and Exchange Commission (the "SEC") on June 22, 2020, ("Prospectus") in ruling on Defendant's Motion under the incorporation by reference doctrine.  Plaintiffs' Amended Class Action Complaint ("Amended Complaint") extensively references the Prospectus, and the Prospectus is one of the documents forming the basis of the Plaintiffs' claims and allegations.  Plaintiffs define

1

Gibson, Dunn & Crutcher LLP

"Registration Statement" to include the Prospectus, and reference the Registration Statement materials no less than 126 times in their Amended Complaint. *See generally* Am. Compl. [Doc. No. 38]. In assessing the Plaintiffs' allegations of securities violations based on alleged misrepresentations and omissions, the Court may properly consider the "full text of the [Offering Materials], including portions which were not mentioned in the complaint[]" or which were not physically attached to the pleading. *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996). This filing is also properly subject to judicial notice. *See, e.g.*, *In re Obalon Therapeutics, Inc.*, 2019 WL 4729461, at *4.

Because Plaintiffs' Amended Complaint extensively references and relies on Progenity's Prospectus, the Court should consider the portions[1] of the Prospectus submitted as Exhibit A to the Declaration of Alexander K. Mircheff in Support of Defendants' Motion to Dismiss and Request for Judicial Notice ("Mircheff Declaration") in ruling on Defendant's Motion.

### B.   Progenity's Stock Price

Progenity's stock price should also be considered in determining Defendants' Motion. Progenity's historical stock price is subject to judicial notice: historical stock prices can be accurately and readily determined from a variety of sources such as Yahoo! Finance, and the accuracy of the records cannot reasonably be questioned. *In re Atossa Genetics Inc. Sec. Litig.*, 868 F.3d 784, 799 (9th Cir. 2017) ("[H]istorical stock prices are 'not subject to reasonable dispute[.]'" (quoting Fed. R. Evid. 201(b))).

Therefore, the Court should take judicial notice of Progenity's historical stock prices provided by Yahoo! Finance, submitted as Exhibit B to the Mircheff Declaration.

---

[1]  Pursuant to Section II.D. of this Court's Civil Case Procedures, Defendants submit excerpts to "include only relevant material" from the documents mentioned herein.

2

## C.  Progenity's 10-Q

The Court should also consider Progenity's Form 10-Q for the quarterly period ended June 30, 2020 ("10-Q"), filed with the SEC on August 14, 2020, because it is incorporated by reference into the Amended Complaint and also properly subject to judicial notice.  Plaintiffs reference the 10-Q multiple times and quote large blocks of the materials in the Amended Complaint to attempt to support their claims of misleading omissions.  *See* Am. Compl. [Doc. No. 38 at ¶¶ 62–63, 84, 138].  Because Plaintiffs reference and quote select portions of the 10-Q as "elaborat[ing]" on alleged omissions, the 10-Q should be considered incorporated by reference into the Amended Complaint.  *Id.* at ¶ 62.

Courts also routinely take judicial notice of SEC filings.  *See, e.g.*, *In re Obalon Therapeutics, Inc.*, 2019 WL 4729461, at *4; *McGhee v. N. Am. Bancard LLC*, 2020 WL 3250741, at *2 (S.D. Cal. Mar. 23, 2020) ("SEC filings have been routinely held as proper subjects for judicial notice."); *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) ("We review de novo a dismissal under Rule 12(b)(6)[] . . . and may consider documents referred to in the complaint or any matter subject to judicial notice, such as SEC filings.").  The fact and contents of the 10-Q can be accurately and readily determined from the SEC's website, which stores such filings, and the accuracy thereof cannot reasonably be questioned.

For the foregoing reasons, Defendants respectfully request that the Court consider Progenity's 10-Q, excerpts of which have been submitted as Exhibit C to the Mircheff Declaration, in deciding Defendants' Motion.

## D.  Accounting Standards Codification 450

Finally, the Financial Accounting Standards Board's ("FASB") Accounting Standards Codification ("ASC") 150 and 450 may also be considered in ruling on Defendants' Motion.  Accounting guidance, such as that promulgated by FASB, is subject to judicial notice.  *See, e.g.*, *In re Seracare Life Scis., Inc.*, 2007 WL 935583, at *4 (S.D. Cal. Mar. 19, 2007).  Like the Accounting Research Bulletin ("ARB") 43

Gibson, Dunn & Crutcher LLP

3

standard that was judicially noticed in *In re Seracare Life Sciences*, ASC 150 and 450 are not subject to reasonable dispute.  The standards are capable of accurate and ready determination and the authenticity of the standards cannot reasonably be questioned.

Defendants therefore respectfully request that the Court take judicial notice of the excerpts of ASC 150 and 450, submitted as Exhibit D to the Mircheff Declaration.

## II.   CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court take judicial notice of Exhibits A through D to the Mircheff Declaration and consider Exhibits A and C incorporated by reference, in ruling Defendants' Motion.

Dated: April 5, 2020

GIBSON, DUNN & CRUTCHER LLP

By: _s/ Alexander K. Mircheff_
Brian M. Lutz
Jeffrey S. Rosenberg
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Email: blutz@gibsondunn.com
Email: jsrosenberg@gibsondunn.com

Alexander K. Mircheff
Caroline K. Monroy
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Email: amircheff@gibsondunn.com
Email: cmonroy@gibsondunn.com

*Attorneys for Defendants Progenity, Inc., Harry Stylli, Eric d'Esparbes, Jeffrey Alter, John Bigalke, Jeffrey Ferrell, Brian L. Kotzin, Samuel Nussbaum, and Lynne Powell*

Gibson, Dunn & Crutcher LLP

4

O'MELVENY & MEYERS LLP

By: _s/ Daniel L. Cantor_
Matthew W. Close
Meg K. Lippincott
Yuan (Grace) Zhong
400 South Hope Street
Los Angeles, CA 90071-2899
Telephone: 213.430.6000
Email: mclose@omm.com
Email: mlippincott@omm.com
Email: yzhong@omm.com

Daniel L. Cantor
Times Square Tower
7 Times Square
New York, NY 10036-6537
Telephone: 212.326.2000
Email: dcantor@omm.com

*Attorneys for Defendants Piper Sandler & Co., Wells Fargo Securities, LLC, Robert W. Baird & Co. Incorporated, Raymond James & Associates, Inc., and BTIG LLC*

## SIGNATURE CERTIFICATION

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to the above listed counsel, and that I have obtained authorization to affix all electronic signatures to this document.

Dated: April 5, 2021                    GIBSON, DUNN & CRUTCHER LLP

By: _s/ Alexander K. Mircheff_
Alexander K. Mircheff

Gibson, Dunn & Crutcher LLP

5

REQUEST FOR JUDICIAL NOTICE
CASE No. 20CV1683-CAB-AHG