BRIAN M. LUTZ, SBN 255976
    blutz@gibsondunn.com
JEFFREY S. ROSENBERG
(*pro hac vice*)
    jsrosenberg@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:  415.393.8200

ALEXANDER K. MIRCHEFF, SBN 245074
    amircheff@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:  213.229.7000

*Attorneys for Defendants Progenity, Inc.,
Harry Stylli, Eric d'Esparbes, Jeffrey Alter,
John Bigalke, Jeffrey Ferrell, Brian L.
Kotzin, Samuel Nussbaum, and Lynne
Powell*

MATTHEW W. CLOSE, SBN 188570
    mclose@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071-2899
Telephone:  213.430.6000

DANIEL L. CANTOR
(*pro hac vice*)
    dcantor@omm.com
O'MELVENY & MEYERS LLP
Times Square Tower
7 Times Square
New York, NY 10036-6537
Telephone:  212.326.2000

*Attorneys for Defendants Piper Sandler
& Co., Wells Fargo Securities, LLC,
Robert W. Baird & Co. Incorporated,
Raymond James & Associates, Inc., and
BTIG LLC*

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE PROGENITY, INC. SECURITIES LITIGATION | CASE NO. 20cv1683-CAB-AHG <br><br> **DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS THE SECOND AMENDED COMPLAINT** <br><br> Judge:      Hon. Cathy Ann Bencivengo <br><br> PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT |

Gibson, Dunn & Crutcher LLP

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
MOTION TO DISMISS THE SECOND AMENDED COMPLAINT
CASE NO. 20CV1683-CAB-AHG

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**

**PLEASE TAKE NOTICE THAT** Defendants Progenity, Inc., Harry Stylli, Eric d'Esparbes, Jeffrey Alter, John Bigalke, Jeffrey Ferrell, Brian L. Kotzin, Samuel Nussbaum, Lynne Powell, Piper Sandler & Co., Wells Fargo Securities, LLC, Robert W. Baird & Co. Incorporated, Raymond James & Associates, Inc., and BTIG, LLC (collectively, "Defendants") respectfully request that the Court take judicial notice of and/or incorporate by reference Exhibits A through C attached to the accompanying Declaration of Alexander K. Mircheff ("Mircheff Declaration") in support of Defendants' Motion to Dismiss the Second Amended Complaint ("Motion").

## I.    DISCUSSION

In ruling on a motion to dismiss, the Court may consider documents incorporated by reference into the complaint and matters subject to judicial notice. *In re Obalon Therapeutics, Inc.*, 2019 WL 4729461, at *3 (S.D. Cal. Sept. 25, 2019) (citing *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 998, 1002 (9th Cir. 2018) and Fed. R. Evid. 201(b)). The Court "can consider documents under the 'incorporation by reference' doctrine when a plaintiff 'refers extensively to the document or the document forms the basis of the plaintiff's claims.'" *Id.* (quoting *Khoja*, 899 F.3d at 1002). In addition, matters are properly subject to judicial notice if they are (1) "generally known within the trial court's territorial jurisdiction[,]" or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

### A.    Progenity's Stock Price

The Court may consider Progenity's stock price in ruling on Defendants' Motion. Progenity's historical stock price is subject to judicial notice: historical stock prices can be accurately and readily determined from a variety of sources such as Yahoo! Finance, and the accuracy of the records cannot reasonably be questioned. *See, e.g.*, *In re Atossa Genetics Inc. Sec. Litig.*, 868 F.3d 784, 799 (9th Cir. 2017) ("[H]istorical stock prices are 'not subject to reasonable dispute[.]'" (quoting Fed. R. Evid. 201(b)).

1

Gibson, Dunn & Crutcher LLP

Therefore, the Court should take judicial notice of Progenity's historical stock prices provided by Yahoo! Finance, submitted as Exhibit A to the Mircheff Declaration.

## B. Accounting Standards Codification 606

The Financial Accounting Standards Board's ("FASB") Accounting Standards Codification ("ASC") 606—in particular, ASC 606-10-50-12A—may also be considered in ruling on Defendants' Motion. Accounting guidance, such as that promulgated by FASB, is subject to judicial notice. *See, e.g.*, *In re Seracare Life Scis., Inc.*, 2007 WL 935583, at *4 (S.D. Cal. Mar. 19, 2007). The standard is not subject to reasonable dispute and is capable of accurate and ready determination and the authenticity of the standard cannot reasonably be questioned. Furthermore, Plaintiffs' Second Amended Class Action Complaint (Doc. No. 49) ("SAC") relies extensively on other portions of the ASC, including ASC 606, beyond the portion of which Defendants request the Court take judicial notice. *See, e.g.,* SAC ¶¶ 267–85.

Defendants therefore respectfully request that the Court take judicial notice of the excerpts of ASC 606, submitted as Exhibit B to the Mircheff Declaration.

## C. Progenity's Prospectus

Finally, the Court may consider Progenity's Prospectus on Form 424(b)(4), filed with the Securities and Exchange Commission on June 22, 2020 ("Prospectus"), in ruling on Defendant's Motion under the incorporation by reference doctrine. Plaintiffs' SAC extensively references the Prospectus, and the Prospectus is one of the documents forming the basis of the Plaintiffs' claims and allegations. Plaintiffs define "Registration Statement" to include the Prospectus, and reference the Registration Statement materials no less than 166 times in their SAC. *See, e.g.*, SAC ¶ 1 n.1. In assessing Plaintiffs' allegations of securities violations based on alleged misrepresentations and omissions, the Court may properly consider the "full text of the [Offering Materials], including portions which were not mentioned in the complaint[]" or which were not physically attached to the pleading. *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir.

Gibson, Dunn & Crutcher LLP

1996).  This filing is also properly subject to judicial notice.  *See, e.g.*, *In re Obalon Therapeutics, Inc.*, 2019 WL 4729461, at \*4.

Because Plaintiffs' SAC extensively references and relies on Progenity's Prospectus, the Court should consider the portions[1] of the Prospectus submitted as Exhibit C to the Mircheff Declaration in ruling on Defendants' Motion.

## II.   CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court take judicial notice of Exhibits A through C to the Mircheff Declaration and consider Exhibit C incorporated by reference, in ruling Defendants' Motion.

Dated: November 15, 2021

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Alexander K. Mircheff*
Brian M. Lutz
Jeffrey S. Rosenberg
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Email: blutz@gibsondunn.com
Email: jsrosenberg@gibsondunn.com

Alexander K. Mircheff
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Email: amircheff@gibsondunn.com

*Attorneys for Defendants Progenity, Inc., Harry Stylli, Eric d'Esparbes, Jeffrey Alter, John Bigalke, Jeffrey Ferrell, Brian L. Kotzin, Samuel Nussbaum, and Lynne Powell*

---

[1] Pursuant to Section II.D of this Court's Civil Case Procedures, Defendants submit excerpts to "include only relevant material" from the documents mentioned herein.

3

O'MELVENY & MEYERS LLP

By: */s/ Daniel L. Cantor*
    Daniel L. Cantor
    Times Square Tower
    7 Times Square
    New York, NY 10036-6537
    Telephone: 212.326.2000
    Email: dcantor@omm.com

    Matthew W. Close
    400 South Hope Street
    Los Angeles, CA 90071-2899
    Telephone: 213.430.6000
    Email: mclose@omm.com

    *Attorneys for Defendants Piper Sandler & Co., Wells Fargo Securities, LLC, Robert W. Baird & Co. Incorporated, Raymond James & Associates, Inc., and BTIG LLC*

4

Gibson, Dunn & Crutcher LLP

# SIGNATURE CERTIFICATION

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to the above listed counsel, and that I have obtained authorization to affix all electronic signatures to this document.

Dated: November 15, 2021

GIBSON, DUNN & CRUTCHER LLP

By: _/s/ Alexander K. Mircheff_
Alexander K. Mircheff

5

Gibson, Dunn &
Crutcher LLP