BRIAN M. LUTZ, SBN 255976
    blutz@gibsondunn.com
JEFFREY S. ROSENBERG
(*pro hac vice*)
    jsrosenberg@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200

ALEXANDER K. MIRCHEFF, SBN 245074
    amircheff@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000

*Attorneys for Defendants Progenity, Inc.,
Harry Stylli, Eric d'Esparbes, Jeffrey Alter,
John Bigalke, Jeffrey Ferrell, Brian L.
Kotzin, Samuel Nussbaum, and Lynne
Powell*

MATTHEW W. CLOSE, SBN 188570
    mclose@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071-2899
Telephone: 213.430.6000

DANIEL L. CANTOR
(*pro hac vice*)
    dcantor@omm.com
O'MELVENY & MEYERS LLP
Times Square Tower
7 Times Square
New York, NY 10036-6537
Telephone: 212.326.2000

*Attorneys for Defendants Piper Sandler
& Co., Wells Fargo Securities, LLC,
Robert W. Baird & Co. Incorporated,
Raymond James & Associates, Inc., and
BTIG LLC*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE PROGENITY, INC. SECURITIES LITIGATION | CASE NO. 20cv1683-RBM-AHG<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' STATEMENT OF RECENT AUTHORITY**<br><br>Judge: Hon. Ruth Bermudez Montenegro<br><br>PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT |

Plaintiffs' Statement of Recent Authority (Doc. No. 59) should be rejected as an improper sur-reply and because it introduces inapposite authority that has nothing to do with this case.

## I.   PLAINTIFFS' SUBMISSION IS AN IMPROPER SUR-REPLY AND SHOULD BE STRICKEN FROM THE RECORD

Plaintiffs did not request leave of Court to file their so-called Statement of Recent Authority and, therefore, it should be stricken as an improper sur-reply. The Local Rules do not provide for the filing of statements of recent authority or sur-replies. Indeed, this Court has already cautioned that such "filing[s] [are] improper under the Local Rules . . . [when the] party [has not] sought leave of the Court to file additional briefing." Order on Defs.' Mot. Dismiss First Am. Compl. (Doc. No. 48) ("Order") 7 n.3 (citing *Daniels v. ComUnity Lending, Inc.*, 2015 WL 2338713, at *4 (S.D. Cal. May 12, 2015)). Despite this admonition, Plaintiffs filed their additional submission "in opposition to Defendants' motion to dismiss" without seeking leave. Pls.' Statement of Recent Authority ("PSRA") 1.

## II.   THE AUTHORITY PLAINTIFFS INTRODUCE HAS NOTHING TO DO WITH THIS CASE

Even if the Court considers Plaintiffs' improper submission, the authority it introduces, *United States ex rel. Hartpence v. Kinetic Concepts, Inc.*, 2022 WL 3206685 (9th Cir. Aug. 9, 2022), is totally inapposite and has nothing to do with this case. Plaintiffs maintain "[t]he *Hartpence* opinion confirms that Defendants' motion to dismiss the instant action . . . should be denied." PSRA 1. Not so—it is completely irrelevant and unrelated.

The legal frameworks and procedural postures of the two cases are completely different. Plaintiffs in this case assert violations of the federal securities laws and U.S. Securities and Exchange Commission regulations, claiming that a company's initial public offering materials contained allegedly false and misleading statements about the company's alleged liability for overbilling government payors. Defendants' have moved to dismiss Plaintiffs' Second Amended Complaint, which was filed after the

1

Court granted Defendants' motion to dismiss the prior complaint. By contrast, *Hartpence* was a *qui tam* action brought under the False Claims Act by a plaintiff-relator against a medical device manufacturing company alleging the company "submitted claims to Medicare in which [it] falsely certified compliance with certain criteria governing Medicare payment." *Hartpence*, 2022 WL 3206685, at *2. There, the district court granted summary judgment for the company and the Ninth Circuit reversed.

Plaintiffs seize on the fact that both this case and *Hartpence* involved allegedly improper billing codes to attempt to import into this case the Ninth Circuit's holding in *Hartpence* that "there was a genuine issue of material fact as to whether the [defendant's] use of the [improper billing codes] was material to the reimbursement claims." 2022 WL 3206685, at *7. But the cases involve entirely different allegations. In *Hartpence*, the issue was whether the use of an improper billing code constituted a material misrepresentation in connection with a reimbursement claim. Here, the use of an allegedly improper billing code, by itself, is not the alleged material misrepresentation; rather, it is the failure to disclose the company's liability for using an improper billing code. As this Court explained when it rejected Plaintiffs' overbilling theory and dismissed the substantially similar prior complaint, "the fact that Progenity had overbilled some payors could not be material until the amount of that overbilling and resulting liability was quantified. Thus, it is the accrual of the . . . refund liability itself— and more specifically the calculation of the exact amount of that liability—that is material." Order 10.

This case and *Hartpence* have nothing to do with one another. The Court should disregard Plaintiffs' inapposite "recent authority."

Gibson, Dunn & Crutcher LLP

2

Dated: August 31, 2022

GIBSON, DUNN & CRUTCHER LLP

By: /s/ Alexander K. Mircheff
   Brian M. Lutz
   Jeffrey S. Rosenberg
   555 Mission Street, Suite 3000
   San Francisco, CA 94105-0921
   Telephone: 415.393.8200
   Email: blutz@gibsondunn.com
   Email: jsrosenberg@gibsondunn.com

   Alexander K. Mircheff
   333 South Grand Avenue
   Los Angeles, CA 90071-3197
   Telephone: 213.229.7000
   Email: amircheff@gibsondunn.com

*Attorneys for Defendants Progenity, Inc., Harry Stylli, Eric d'Esparbes, Jeffrey Alter, John Bigalke, Jeffrey Ferrell, Brian L. Kotzin, Samuel Nussbaum, and Lynne Powell*

O'MELVENY & MEYERS LLP

By: /s/ Daniel L. Cantor
   Daniel L. Cantor
   Times Square Tower
   7 Times Square
   New York, NY 10036-6537
   Telephone: 212.326.2000
   Email: dcantor@omm.com

   Matthew W. Close
   400 South Hope Street
   Los Angeles, CA 90071-2899
   Telephone: 213.430.6000
   Email: mclose@omm.com

*Attorneys for Defendants Piper Sandler & Co., Wells Fargo Securities, LLC, Robert W. Baird & Co. Incorporated, Raymond James & Associates, Inc., and BTIG LLC*

Gibson, Dunn & Crutcher LLP

# SIGNATURE CERTIFICATION

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to the above listed counsel, and that I have obtained authorization to affix all electronic signatures to this document.

Dated: August 31, 2022          GIBSON, DUNN & CRUTCHER LLP

By: */s/ Alexander K. Mircheff*
Alexander K. Mircheff

4

Gibson, Dunn & Crutcher LLP