# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE PROGENITY, INC. SECURITIES LITIGATION | Case No. 3:20-cv-01683-RBM-AHG<br><br>Honorable Ruth Bermudez Montenegro |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement, dated as of September 19, 2024 (the "Stipulation") is entered into between (a) Court-appointed lead plaintiffs Lin Shen, Lingjun Lin, and Fusheng Lin (collectively, "Lead Plaintiffs") on behalf of themselves and the Settlement Class (defined below); (b) defendant Progenity, Inc. ("Progenity") (n/k/a Biora Therapeutics, Inc.); (c) defendants Harry Stylli, Eric d'Esparbes, Jeffrey Alter, John Bigalke, Jeffrey Ferrell, Brian L. Kotzin, Samuel Nussbaum, and Lynne Powell (collectively, the "Individual Defendants"); and (d) defendants Piper Sandler & Co., Wells Fargo Securities, LLC, Robert W. Baird & Co. Incorporated, Raymond James & Associates, Inc., and BTIG, LLC (collectively, the "Underwriter Defendants," and, together with Progenity and the Individual Defendants, the "Defendants"; and together with Lead Plaintiffs, the "Parties"), and embodies the terms and conditions of the settlement of the above-captioned action (the "Action").[1]  Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally and forever compromise, settle, release, resolve, and dismiss with prejudice the Action and all claims asserted therein against Defendants.

WHEREAS:

---

[1]  All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶ 1 herein.

A.      Beginning on August 28, 2020, two class action complaints were filed in the United States District Court for the Southern District of California (the "Court"), styled *Soe v. Progenity, Inc., et al.*, Case No. 20-cv-01683, and *Brickman Investments Inc. v. Progenity, Inc., et al.*, Case No. 3:20-cv-01795.

B.      By Order dated December 3, 2020, the Court ordered that the cases be consolidated and recaptioned as *In re Progenity, Inc. Securities Litigation*, Case No. 20-cv-1683; appointed Lin Shen, Lingjun Lin, and Fusheng Lin as Lead Plaintiffs for the consolidated action; and approved Lead Plaintiffs' selection of Glancy Prongay & Murray LLP as Lead Counsel for the class. ECF No. 33.

C.      On February 4, 2021, Lead Plaintiffs filed and served their Amended Class Action Complaint For Violation Of The Securities Act Of 1933 ("First Amended Complaint") asserting claims against all Defendants under Section 11 of the Securities Act of 1933 (the "Securities Act"), and against the Individual Defendants under Section 15 of the Securities Act. ECF No. 38.  Among other things, the First Amended Complaint alleged that Defendants made materially false and misleading statements in Progenity's initial public offering registration statement about Progenity's overbilling of government payors for Preparent genetic tests, and about its trends of decreasing test volumes, average selling prices, and revenues.  The First Amended Complaint further alleged that the price of Progenity's publicly-traded common stock was artificially inflated as a result of Defendants' allegedly false and misleading statements, and declined when the truth was revealed.

D.      On April 5, 2021, Defendants served a motion to dismiss the First Amended Complaint. ECF No. 40.  On June 4, 2021, Lead Plaintiffs served their papers in opposition. ECF No. 41. On July 19, 2021, Defendants served their reply papers. ECF No. 44. On September 1,

2021, the Court granted Defendants' motion and dismissed Lead Plaintiffs' claims without prejudice. ECF No. 48.

E.    On September 22, 2021, Lead Plaintiffs filed their Second Amended Class Action Complaint For Violation Of The Securities Act Of 1933 ("Second Amended Complaint") asserting claims against all Defendants under Section 11 of the Securities Act, and against the Individual Defendants under Section 15 of the Securities Act. ECF No. 49.  Like the First Amended Complaint, the Second Amended Complaint alleged that Defendants made materially false and misleading statements in Progenity's initial public offering registration statement about Progenity's overbilling of government payors for Preparent genetic tests, and about its trends of decreasing test volumes, average selling prices, and revenues. The Second Amended Complaint additionally alleged that Defendants made materially false and misleading statements in Progenity's initial public offering registration statement about Progenity's decision to discontinue an illegal marketing practice prior to the initial public offering. The Second Amended Complaint further alleged that the price of Progenity's publicly-traded common stock was artificially inflated as a result of Defendants' allegedly false and misleading statements, and declined when the truth was revealed.

F.    On November 15, 2021, Defendants served a motion to dismiss the Second Amended Complaint. ECF No. 52.  On January 14, 2022, Lead Plaintiffs served their papers in opposition. ECF No. 54. On February 22, 2022, Defendants served their reply papers. ECF No. 55.

G.    On May 6, 2022, the Parties participated in a status conference to discuss positions on settlement, before Magistrate Judge Allison H. Goddard. ECF Nos. 57-58. No settlement was reached at that conference.

H.      On January 13, 2023, the Court granted Defendants' motion to dismiss the Second Amended Complaint and dismissed Lead Plaintiffs' claims without prejudice. ECF No. 63.

I.      On February 3, 2023, Lead Plaintiffs filed their Third Amended Class Action Complaint For Violation Of The Securities Act Of 1933 (the "Complaint" or "TAC") asserting claims against all Defendants under Section 11 of the Securities Act, and against the Individual Defendants under Section 15 of the Securities Act. ECF No. 64.  Like the Second Amended Complaint, the Complaint alleged that Defendants made materially false and misleading statements in Progenity's initial public offering registration statement about Progenity's overbilling of government payors for Preparent genetic tests, its decision to discontinue an illegal marketing practice prior to the initial public offering, and its trends of decreasing test volumes, average selling prices, and revenues. The Complaint further alleged that the price of Progenity's publicly-traded common stock was artificially inflated as a result of Defendants' allegedly false and misleading statements, and declined when the truth was revealed.

J.      On March 20, 2023, Defendants served a motion to dismiss the Complaint. ECF No. 67.  On May 4, 2023, Lead Plaintiffs served their papers in opposition. ECF No. 68. On June 5, 2023, Defendants served their reply papers. ECF No. 69. On July 12, 2023, the Court granted Defendants' motion and dismissed Lead Plaintiffs' claims with prejudice. ECF No. 70. On July 12, 2023, the Clerk entered judgment. ECF No. 71. On  August 11, 2023, Lead Plaintiffs filed their Notice of Appeal, appealing from the judgment. ECF No. 72.

K.      On September 7, 2023, the Parties participated in an assessment conference with Circuit Mediator Robert S. Kaiser to explore the potential for settlement. Appeal ECF Nos. 6-7. No settlement was reached at that conference. On September 13, 2023, Lead Plaintiffs sent Defendants a written settlement demand.

L.      On November 15, 2023, Lead Plaintiffs submitted their opening appellate brief. Appeal ECF No. 10.

M.      On January 11, 2024, Defendants responded to Lead Plaintiffs' settlement demand. The Parties continued to negotiate concerning a potential settlement of the Action.

N.      On January 16, 2024, Defendants submitted their answering appellate brief. Appeal ECF No. 20. On March 7, 2024, Lead Plaintiffs submitted their reply appellate brief. Appeal ECF No. 30.

O.      On March 11, 2024, the Parties reached an agreement in principle to settle the Action for a payment of $1 million on a class-wide basis. The Parties continued to negotiate concerning the terms of a settlement.

P.      On May 21, 2024, the Appellate Court stated that the Appeal is being considered for oral argument in September or October of 2024. Appeal ECF No. 33.

Q.      The Parties' agreement in principle to settle the Action was memorialized in a term sheet fully executed on June 24, 2024 (the "Term Sheet").  The Term Sheet sets forth, among other things, the Parties' agreement to settle and release all claims asserted against Defendants in the Action in return for a cash payment by or on behalf of Progenity of $1,000,000 for the benefit of the Settlement Class, subject to certain terms and conditions, and contemplates the execution of a customary "long form" stipulation and agreement of settlement and related papers.

R.      On June 24, 2024, Lead Plaintiffs filed in the Appellate Court the Parties' Joint Notice of Settlement And Motion For Stay Of Appeal And Limited Remand. Appeal ECF No. 34. On July 3, 2024, the Appellate Court granted the motion, and remanded the Action to the Court for the limited purpose of conducting proceedings relating to the Parties' proposed settlement. Appeal ECF No. 36.

5

S.    This Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the Parties.

T.    Based upon their investigation and prosecution of the case, Lead Plaintiffs and Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to Lead Plaintiffs and the other members of the Settlement Class, and in their best interests. Based on Lead Plaintiffs' direct oversight of the prosecution of this matter and with the advice of their counsel, each of the Lead Plaintiffs has agreed to settle and release the claims raised in the Action pursuant to the terms and provisions of this Stipulation, after considering, among other things: (a) the substantial financial benefit that Lead Plaintiffs and the other members of the Settlement Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

U.    This Stipulation constitutes a compromise of matters that are in dispute between the Parties. Defendants are entering into this Stipulation solely to eliminate the uncertainty, burden and expense of further protracted litigation. Each of the Defendants denies any wrongdoing, and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Defendants have, or could have, asserted. The Defendants expressly deny that Lead Plaintiffs have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing or damages whatsoever. Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Lead Plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit. Each of the Parties recognizes and

6

acknowledges, however, that the Action has been initiated, filed and prosecuted by Lead Plaintiffs in good faith and defended by Defendants in good faith, that the Action is being voluntarily settled with the advice of counsel, and that the terms of the Settlement are fair, adequate and reasonable.

NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and among Lead Plaintiffs (individually and on behalf of all other members of the Settlement Class) and Defendants, by and through their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties from the Settlement, all Released Plaintiffs' Claims as against the Defendants' Releasees and all Released Defendants' Claims as against the Plaintiffs' Releasees shall be settled and released, upon and subject to the terms and conditions set forth below.

### DEFINITIONS

1.      As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

(a)      "Action" means the consolidated securities class action in the matter styled *In re Progenity, Inc. Securities Litigation*, Case No. 3:20-cv-01683-RMB-AHG (S.D. Cal.), and includes all actions consolidated therein.

(b)      "Affiliates" means persons or entities that directly or indirectly through one or more intermediaries, control, are controlled by or are under common control with one of the Defendants.

(c)      "Alternate Judgment" means a form of final judgment that may be entered by the Court herein but in a form other than the form of Judgment provided for in this Stipulation.

(d)      "Appeal" means Lead Plaintiffs' appeal to the Appellate Court from the Court's dismissal of the Action, Ninth Circuit Case No. 23-55716.

7

(e) "Appellate Court" means the Ninth Circuit Court of Appeals.

(f) "Athyrium Affiliate" means any affiliate of Athyrium Capital Management, LP or Athyrium Opportunities 2020 LP, including but not limited to Athyrium Opportunities Fund (A) LP; Athyrium Opportunities Fund (B) LP; Athyrium Opportunities III Co-Invest 1 LP; Athyrium Opportunities III Acquisition 2 LP; Athyrium Opportunities Associates LP; Athyrium Opportunities Associates GP LLC; Athyrium Capital Management, LP; Athyrium Capital Holdings, LLC; Athyrium Opportunities Advisers LLC; NB Alternatives Advisers LLC; NB Alternatives GP Holdings LLC; NB Alternatives Holdings LLC; Athyrium Opportunities Associates Co-Invest LLC; Athyrium Funds GP Holdings LLC; Athyrium Opportunities Associates III LP; Athyrium Opportunities Associates III GP LLC; and Athyrium Opportunities III Acquisition LP.

(g) "Authorized Claimant" means a Settlement Class Member who submits a Proof of Claim Form to the Claims Administrator that is approved by the Court for payment from the Net Settlement Fund.

(h) "Claim" means a Proof of Claim Form submitted to the Claims Administrator.

(i) "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, that a Claimant or Settlement Class Member must complete and submit should that Claimant or Settlement Class Member seek to share in a distribution of the Net Settlement Fund.

(j) "Claimant" means a person or entity who or which submits a Claim Form to the Claims Administrator seeking to be eligible to share in the proceeds of the Settlement Fund.

(k) "Claims Administrator" means the firm retained by Lead Plaintiffs and

8

Lead Counsel, subject to approval of the Court, to provide all notices approved by the Court to potential Settlement Class Members and to administer the Settlement.

(l)  "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

(m)  "Complaint" or "TAC" means the Third Amended Class Action Complaint For Violation Of The Securities Act Of 1933 filed by Lead Plaintiffs in the Action on February 3, 2023.

(n)  "Court" means the United States District Court for the Southern District of California.

(o)  "Defendants" means Progenity, the Underwriter Defendants, and the Individual Defendants.

(p)  "Defendants' Counsel" means Gibson, Dunn & Crutcher LLP and O'Melveny & Myers LLP.

(q)  "Defendants' Releasees" means (i) each Defendant; (ii) the Immediate Family members of the Individual Defendants; (iii) direct or indirect parent entities, subsidiaries, related entities, and Affiliates of Progenity or the Underwriter Defendants; (iv) any trust of which any Individual Defendant is the settler or which is for the benefit of any Individual Defendant and/or his or her Immediate Family members; (v) for any of the entities listed in parts (i) through (iv), their respective past and present general partners, limited partners, principals, shareholders, joint venturers, officers, directors, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, insurers, trustees, trustors, agents, attorneys, predecessors, successors, assigns, heirs, executors, administrators, and any controlling

9

person thereof; and (vi) any entity in which a Defendant has a controlling interest; all in their capacities as such.

(r)  "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶ 31 of this Stipulation have been met and have occurred or have been waived.

(s)  "Escrow Account" means an account maintained at The Huntington National Bank wherein the Settlement Amount shall be deposited and held in escrow under the control of Lead Counsel.

(t)  "Escrow Agent" means The Huntington National Bank.

(u)  "Escrow Agreement" means the agreement between Lead Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

(v)  "Excluded Claims" means any claims: (i) relating to the enforcement of the settlement; (ii) of any person or entity who or which submits a request for exclusion that is accepted by the Court; (iii) asserted in the action titled *Bushansky v. Stylli et al.*, S.D. Cal. Case No. 3:21-cv-01065; or (iv) asserted in that certain letter received by Progenity on August 17, 2021, purportedly on behalf of a stockholder of the Company demanding that the Company's board of directors investigate and take action against certain of the Company's current and former officers and directors for alleged breaches of fiduciary duties and related claims arising out of the Action.

(w)  "Final," with respect to the Judgment or, if applicable, the Alternate Judgment, or any other court order, means: (i) if no appeal is filed, the expiration date of the time provided for filing or noticing any appeal under the Federal Rules of Appellate Procedure, *i.e.*, thirty (30) days after entry of the judgment or order; or (ii) if there is an appeal from the judgment

10

or order, (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the date the judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant.  However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to (i) attorneys' fees, costs or expenses, or (ii) the plan of allocation of Settlement proceeds (as submitted or subsequently modified), shall not in any way delay or preclude a judgment from becoming Final.

(x)   "Immediate Family" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law.  As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

(y)   "Individual Defendants" means Harry Stylli, Eric d'Esparbes, Jeffrey Alter, John Bigalke, Jeffrey Ferrell, Brian L. Kotzin, Samuel Nussbaum, and Lynne Powell.

(z)   "Judgment" means the final judgment, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement.

(aa)   "Lead Counsel" means the law firm of Glancy Prongay & Murray LLP.

(bb)   "Lead Plaintiffs" means Lin Shen, Lingjun Lin, and Fusheng Lin.

(cc)   "Litigation Expenses" means costs and expenses incurred in connection with commencing, prosecuting and settling the Action (which may include the costs and expenses of Lead Plaintiffs directly related to their representation of the Settlement Class), for which Lead Counsel intends to apply to the Court for reimbursement from the Settlement Fund.

11

(dd)    "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; and (iv) any attorneys' fees awarded by the Court.

(ee)    "Notice" means the Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit 1 to Exhibit A, which shall be made available online at a website maintained by the Claims Administrator or mailed to Settlement Class Members upon request.

(ff)    "Notice and Administration Costs" means the costs, fees and expenses that are incurred by the Claims Administrator and/or Lead Counsel in connection with: (i) providing notices to the Settlement Class; and (ii) administering the Settlement, including but not limited to the Claims process, as well as the costs, fees and expenses incurred in connection with the Escrow Account.

(gg)    "Officer" means any officer as that term is defined in Securities and Exchange Act Rule 16a-1(f).

(hh)    "Parties" means Defendants and Lead Plaintiffs, on behalf of themselves and the Settlement Class.

(ii)    "Plaintiffs' Releasees" means (i) Plaintiffs, all other members of the Settlement Class, Lead Counsel, and (ii) each of their respective family members, and their respective partners, general partners, limited partners, principals, shareholders, joint venturers, officers, directors, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, insurers, trustees, trustors, agents, attorneys, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person

12

thereof, all in their capacities as such.  For the avoidance of doubt, Plaintiffs' Releasees do not include any persons and entities who or which submit a request for exclusion from the Settlement Class that is accepted by the Court.

(jj)  "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Notice.

(kk)  "Postcard Notice" means the Postcard Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit 4 to Exhibit A, which is to be mailed to Settlement Class Members.

(ll)  "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Settlement Class.

(mm)  "Progenity" means Progenity, Inc., now known as Biora Therapeutics, Inc.

(nn)  "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended.

(oo)  "Released Claims" means all Released Defendants' Claims and all Released Plaintiffs' Claims.

(pp)  "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims (including waiving the protections of California Civil Code § 1542), whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether accrued or unaccrued, whether liquidated or

13

unliquidated, whether matured or unmatured, that arise out of or relate in any way to the institution, prosecution, appeal or settlement of the claims asserted in the Action against the Defendants. Released Defendants' Claims shall not include any claims: (i) relating to the enforcement of the Settlement; (ii) against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court; (iii) that Defendants have or may have related to the action titled *Bushansky v. Stylli et al.*, S.D. Cal. Case No. 3:21-cv-01065; or (iv) that Defendants have or may have related to that certain letter received by Progenity on August 17, 2021 purportedly on behalf of a stockholder of the Company demanding that the Company's board of directors investigate and take action against certain of the Company's current and former officers and directors for alleged breaches of fiduciary duties and related claims arising out of the Action.

(qq)    "Released Plaintiffs' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims (including waiving the protections of California Civil Code § 1542), whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that Plaintiffs or any other member of the Settlement Class: (i) asserted in the Action; or (ii) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Action and that relate to the purchase or acquisition of Progenity common stock pursuant and/or traceable to Progenity's initial public offering Registration Statement.  Released Plaintiffs' Claims do not include any claims: (i) relating to the enforcement of the Settlement; (ii) of any person or entity who or which submits a request for

14

exclusion that is accepted by the Court; (iii) asserted in the action titled *Bushansky v. Stylli et al.*, S.D. Cal. Case No. 3:21-cv-01065; or (iv) asserted in that certain letter received by Progenity on August 17, 2021 purportedly on behalf of a stockholder of the Company demanding that the Company's board of directors investigate and take action against certain of the Company's current and former officers and directors for alleged breaches of fiduciary duties and related claims arising out of the Action.

(rr)    "Releasee(s)" means each and any of the Defendants' Releasees and each and any of the Plaintiffs' Releasees.

(ss)    "Releases" means the releases set forth in ¶¶ 5-6 of this Stipulation.

(tt)    "Settlement" means the settlement between Lead Plaintiffs and Defendants on the terms and conditions set forth in this Stipulation.

(uu)    "Settlement Amount" means $1,000,000 in cash.

(vv)    "Settlement Class" means all persons and entities that purchased or otherwise acquired the common stock of Progenity, Inc. (n/k/a Biora Therapeutics, Inc.) pursuant and/or traceable to Progenity's initial public offering Registration Statement and were damaged thereby.  Excluded from the Settlement Class are: (a) persons and entities that suffered no compensable losses; and (b)(i) Defendants; (ii) present and former parents, subsidiaries, assigns, successors, predecessors and Affiliates of Progenity or the Underwriter Defendants; (iii) any person who served as an officer and/or director of Progenity or the Underwriter Defendants and who would otherwise be a member of the Settlement Class and their Immediate Family members; (iv) any entity in which the Defendants have or had a controlling interest; (v) Athyrium Capital Management, LP, Athyrium Opportunities 2020 LP, and any Athyrium Affiliate;  (vi) any trust of which an Individual Defendant is the settler or which is for the benefit of an Individual Defendant

15

and/or member(s) of their immediate families; (vii) Defendants' liability insurance carriers; and (viii) the legal representatives, heirs, successors, and assigns of any person or entity excluded under provisions (i) through (vii) hereof.  Also excluded from the Settlement Class are any persons and entities who or which submit a request for exclusion from the Settlement Class that is accepted by the Court.

(ww)  "Settlement Class Member" means each person and entity who or which is a member of the Settlement Class.

(xx)  "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon.

(yy)  "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

(zz)  "Summary Notice" means the Summary Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit 3 to Exhibit A, to be published as set forth in the Preliminary Approval Order.

(aaa)  "Taxes" means: (i) all federal, state and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; and (ii) the expenses and costs incurred by Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants).

(bbb)  "Term Sheet" means the Settlement term sheet executed on behalf of the Parties and fully executed on June 24, 2024.

16

(ccc) "Underwriter Defendants" means Piper Sandler & Co., Wells Fargo Securities, LLC, Robert W. Baird & Co. Incorporated, Raymond James & Associates, Inc., and BTIG, LLC.

(ddd) "Unknown Claims" means any Released Plaintiffs' Claims which any Lead Plaintiff, any other Settlement Class Member, or any other person or entity legally entitled to bring Released Plaintiffs' Claims on behalf of any Settlement Class Member in such capacity only, does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant, or any other person or entity legally entitled to bring Released Defendants' Claims on behalf of the Defendant in such capacity only, does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly waive, and each of the other releasing parties shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiffs and Defendants acknowledge, and each of the other releasing parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

17

## CLASS CERTIFICATION

2.     Solely for purposes of the Settlement and for no other purpose, Defendants stipulate and agree to: (a) certification of the Action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class; (b) certification of Lead Plaintiffs as Class Representatives for the Settlement Class; and (c) appointment of Lead Counsel as Class Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

## PRELIMINARY APPROVAL OF SETTLEMENT

3.     Promptly upon execution of this Stipulation, Lead Plaintiffs will move for preliminary approval of the Settlement, certification of the Settlement Class for settlement purposes only, and the scheduling of a hearing for consideration of final approval of the Settlement, which motion shall be unopposed by Defendants.  Concurrently with the motion for preliminary approval, Lead Plaintiffs shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.

## RELEASE OF CLAIMS

4.     The obligations incurred pursuant to this Stipulation are in consideration of: (i) the full and final disposition of the Action as against Defendants; and (ii) the Releases provided for herein.

5.     Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and on behalf of any other person or entity legally entitled to bring Released Plaintiffs' Claims on behalf of the respective Settlement Class Member in such capacity only, shall be deemed to have, and by operation of law and of the

18

judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim against the Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees. This release shall not apply to any Excluded Claim.

6.      Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and on behalf of any other person or entity legally entitled to bring Released Defendants' Claims on behalf of the Defendants in such capacity only, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim against Lead Plaintiffs and the other Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees. This release shall not apply to any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

7.      Notwithstanding ¶¶ 5-6 above, nothing in the Judgment, or the Alternate Judgment, if applicable, shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment, or Alternate Judgment, if applicable.

## THE SETTLEMENT CONSIDERATION

8.      In consideration of the settlement of the Released Plaintiffs' Claims against Defendants and the other Defendants' Releasees, Progenity shall pay or cause to be paid the Settlement Amount into the Escrow Account within ten (10) business days after the later of: (i) the Court having entered an order preliminarily approving the settlement, or (ii) Progenity having

19

received all documentation and information from Lead Counsel or the Escrow Agent necessary to effectuate a transfer of funds to the escrow account, including without limitation wiring instructions that include the bank name and ABA routing number, account name and number, and a signed W-9 reflecting a valid taxpayer identification number for the qualified settlement fund in which the Settlement Amount is to be deposited. If the Settlement is not terminated for any reason as permitted herein, and Progenity fails to cause the Settlement Amount to be paid in accordance with the terms of this Stipulation, (i) Defendants cannot terminate the Settlement; and (ii) Lead Plaintiffs may apply to the Court to enforce the terms of the Settlement.

## USE OF SETTLEMENT FUND

9. The Settlement Fund shall be used to pay: (a) any Taxes; (b) any Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; and (d) any attorneys' fees awarded by the Court. The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 18-29 below.

10. Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date. All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court. The Escrow Agent shall invest any funds in the Escrow Account exclusively in instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including U.S. Treasury bills, a U.S. Treasury Fund, or a bank account that is either: (a) fully insured by the Federal Deposit Insurance Corporation; or (b) secured by instruments backed by the full faith and credit of the United States Government. The Escrow Agent shall reinvest the

20

proceeds of these instruments or accounts as they mature in similar instruments or accounts at their then-current market rates.

11.     The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund.  Lead Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund.  The Defendants' Releasees shall not have any liability or responsibility for any such Taxes.  Upon written request, Defendants will provide to Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e).  Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

12.     All Taxes shall be paid out of the Settlement Fund, and shall be timely paid by the Escrow Agent pursuant to the disbursement instructions to be set forth in the Escrow Agreement, and without further order of the Court.  Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.  The Defendants' Releasees shall have no responsibility or

21

liability for the acts or omissions of Lead Counsel or its agents with respect to the payment of Taxes, as described herein.

13.    The Settlement is not a claims-made settlement.    Upon the occurrence of the Effective Date, no Defendant, Defendants' Releasee, or any other person or entity who or which paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including without limitation, the number of Claim Forms submitted, the collective amount of Recognized Claims of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

14.    All costs and expenses of providing notice to the Settlement Class and administering the settlement (except for the costs associated with providing shareholder lists in accordance with ¶ 19 below and providing notice as required under the Class Action Fairness Act, which will be the responsibility of Defendants) shall be paid solely from the Settlement Fund. Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Lead Counsel may pay from the Settlement Fund, without further approval from Defendants or further order of the Court, all Notice and Administration Costs actually incurred and paid or payable. Such costs and expenses shall include, without limitation, the actual costs of printing and mailing the Postcard Notice, publishing the Summary Notice, reimbursements to nominee owners for forwarding the Postcard Notice to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice, administering the Settlement (including processing the submitted Claims), and the fees, if any, of the Escrow Agent.  In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs paid or incurred, including any related fees, shall not be returned

or repaid to Defendants, any of the other Defendants' Releasees, or any other person or entity who or which paid any portion of the Settlement Amount.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

15. Lead Counsel will apply to the Court for an award of attorneys' fees to Plaintiffs' Counsel to be paid from (and out of) the Settlement Fund. Lead Counsel also will apply to the Court for reimbursement of Litigation Expenses, which may include a request for reimbursement of Lead Plaintiffs' costs and expenses directly related to their representation of the Settlement Class, to be paid from (and out of) the Settlement Fund. Lead Counsel's application for an award of attorneys' fees and/or Litigation Expenses is not the subject of any agreement between Defendants and Lead Plaintiffs other than what is set forth in this Stipulation. For the avoidance of doubt, Lead Counsel's attorneys' fees and Litigation Expenses will be paid only from the Settlement Fund, and not from any separate source.

16. Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Lead Counsel immediately upon final approval of the Settlement by the Court and entry of an order awarding attorney's fees and expenses, notwithstanding the existence of any timely filed objections thereto, or any appeal or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Lead Counsel's obligation and agreement to return such payment(s) to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, in the event the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become Final. Lead Counsel shall make the appropriate refund or repayment in full no later than thirty (30) days after any order reducing or reversing the award of attorneys' fees and/or Litigation Expenses has become Final. An award of attorneys' fees and/or Litigation Expenses is not a necessary term of this Stipulation

23

and is not a condition of the Settlement embodied herein. Neither Lead Plaintiffs nor Lead Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses.

17.    Defendants' Releasees shall have no responsibility for or liability whatsoever with respect to the award of attorneys' fees or Litigation Expenses. The attorneys' fees and Litigation Expenses that are awarded to Lead Counsel shall be payable solely from the Escrow Account.

## NOTICE AND SETTLEMENT ADMINISTRATION

18.    As part of the Preliminary Approval Order, Lead Plaintiffs shall seek appointment of a Claims Administrator. The Claims Administrator shall administer the Settlement, including but not limited to the process of receiving, reviewing and approving or denying Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court. Other than Progenity's and the Underwriter Defendants' obligation to provide shareholder records as provided in ¶ 19 below, none of the Defendants, nor any other Defendants' Releasees, shall have any involvement in or any responsibility, authority or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the Claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to, Lead Plaintiffs, any other Settlement Class Members or Lead Counsel in connection with the foregoing. Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

19.    In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Lead Counsel shall cause the Claims Administrator to mail the Postcard Notice to those members of the Settlement Class as may be identified through reasonable effort. Lead Counsel shall also cause the Claims Administrator to: (a) post downloadable copies of the Notice and Claim

24

Form online at www.strategicclaims.net/progenity; and (b) have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court.  For the purposes of identifying and providing notice to the Settlement Class, within five (5) business days after the Court's entry of an order preliminarily approving the settlement, (a) Progenity shall provide or cause to be provided to the Claims Administrator in electronic format (at no cost to the Settlement Fund, Lead Counsel, Plaintiffs, or the Claims Administrator) lists of purchasers of record (consisting of  names, addresses and, to the extent such information is in Progenity's possession and is reasonably available, email addresses) of Progenity common stock between June 18, 2020 and December 2, 2020, and (b) the Underwriter Defendants shall either (i) provide or cause to be provided to the Claims Administrator in electronic format (at no cost to the Settlement Fund, Lead Counsel, Plaintiffs, or the Claims Administrator) lists of purchasers of record (consisting of names, addresses and, to the extent such information is reasonably available, email addresses) of Progenity common stock between June 18, 2020 and December 2, 2020, (ii) request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners; or (iii) request from the Claims Administrator a link to the Notice and Claim Form and email the link to all such beneficial owners for whom valid email addresses are available within seven (7) calendar days of receipt of the link from the Claims Administrator.  For the avoidance of doubt, the Underwriter Defendants shall be responsible for all direct costs and expenses of communicating notice if they elect options (b)(ii) or (b)(iii).

20.    The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim compared

25

to the total Recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocation set forth in the Notice attached hereto as Exhibit 1 to Exhibit A, or in such other plan of allocation as the Court approves).

21.    The Plan of Allocation proposed in the Notice is not a necessary term of the Settlement or of this Stipulation and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court.  Lead Plaintiffs and Lead Counsel may not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action.  Defendants and the other Defendants' Releasees shall not object in any way to the Plan of Allocation or any other plan of allocation in this Action.  No Defendant, nor any other Defendants' Releasees, shall have any involvement with or liability, obligation or responsibility whatsoever for the application of the Court-approved plan of allocation.

22.    Any Settlement Class Member who does not submit a valid Claim Form will not be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and Settlement, including the terms of the Judgment or, the Alternate Judgment, if applicable, to be entered in the Action and the releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Defendants' Releasees with respect to the Released Plaintiffs' Claims in the event that the Effective Date occurs with respect to the Settlement.

23.    Lead Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval.  No Defendant, or any other Defendants' Releasees, shall be permitted to review, contest or object to any Claim Form, or any decision of the Claims Administrator or Lead Counsel with respect to

26

accepting or rejecting any Claim for payment by a Settlement Class Member.  Lead Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Claim Forms submitted in the interests of achieving substantial justice.

24.    For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a)    Each Settlement Class Member shall be required to submit a Claim Form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

(b)    All Claim Forms must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice.  Any Settlement Class Member who fails to submit a Claim Form by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by Order of the Court such Settlement Class Member's Claim Form is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any Defendants' Releasees with respect to any Released Plaintiffs' Claim.  Provided that it is mailed by the claim-submission deadline, a Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon.  In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

(c)    Each Claim Form shall be submitted to and reviewed by the Claims

27

Administrator who shall determine in accordance with this Stipulation and the plan of allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

(d)    Claim Forms that do not meet the submission requirements may be rejected. Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim Form submitted. The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

(e)    If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

25.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's Claim. No discovery shall be allowed on the merits of this Action

28

or of the Settlement in connection with the processing of Claim Forms.

26.    Lead Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

27.    Payment pursuant to the Class Distribution Order shall be final and conclusive against all Settlement Class Members.  All Settlement Class Members whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, to be entered in this Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action against any and all Defendants' Releasees with respect to any and all of the Released Plaintiffs' Claims.

28.    No person or entity shall have any claim against Lead Plaintiffs, Lead Counsel, the Claims Administrator or any other agent designated by Lead Counsel, or the Defendants' Releasees and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or any order of the Court.  Lead Plaintiffs and Defendants, and their respective counsel, and Lead Plaintiffs' damages expert and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims

29

Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

29.    All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court. All Settlement Class Members and Parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

## TERMS OF THE JUDGMENT

30.    If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

## CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION

31.    The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

(a)    the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 3 above;

(b)    the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 8 above;

(c)    Progenity has not exercised its option to terminate the Settlement pursuant to the provisions of this Stipulation (including the Supplemental Agreement described in ¶ 35 below);

(d)    Lead Plaintiffs have not exercised their option to terminate the Settlement

30

pursuant to the provisions of this Stipulation; and

(e)    the Court has approved the Settlement as described herein, following notice to the Settlement Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment and the Judgment has become Final, or the Court has entered an Alternate Judgment and none of the Parties seek to terminate the Settlement and the Alternate Judgment has become Final.

32.    Upon the occurrence of all of the events referenced in ¶ 31 above, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

33.    If (i) Progenity exercises its right to terminate the Settlement as provided in this Stipulation; (ii) Lead Plaintiffs exercise their right to terminate the Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement; or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

(a)    The Settlement and the relevant portions of this Stipulation shall be canceled and terminated.

(b)    Lead Plaintiffs and Defendants shall revert to their respective positions in the Action as of June 24, 2024.

(c)    The terms and provisions of this Stipulation, with the exception of this ¶ 33 and ¶¶ 14, 16, 36 and 56, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment, or Alternate Judgment, if applicable, or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

(d)    Within fifteen (15) business days after joint written notification of

31

termination is sent by Defendants' Counsel and Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest thereon and any funds received by Lead Counsel consistent with ¶ 16 above), less any Notice and Administration Costs actually incurred, paid or payable and less any Taxes paid, due or owing shall be refunded by the Escrow Agent to Defendants (or such other persons or entities as Defendants may direct).  In the event that the funds received by Lead Counsel consistent with ¶ 16 above have not been refunded to the Settlement Fund within the fifteen (15) business days specified in this paragraph, those funds shall be refunded by the Escrow Agent to Defendants (or such other persons or entities as Defendants may direct) immediately upon their deposit into the Escrow Account consistent with ¶ 16 above.

34.     It is further stipulated and agreed that Lead Plaintiffs, provided they unanimously agree, and Progenity shall each have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so ("Termination Notice") to the other Parties to this Stipulation within thirty (30) days of: (a) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final refusal to approve the Settlement or any material part thereof; (c) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; (d) the date upon which the Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Ninth Circuit or the United States Supreme Court; or (e) the date upon which an Alternate Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Ninth Circuit or the United States Supreme Court, and the provisions of ¶ 33 above shall apply.  However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or reimbursement of Litigation Expenses or with respect to any plan of allocation shall not be considered material to the Settlement, shall not affect the finality of any Judgment or Alternate

Judgment, if applicable, and shall not be grounds for termination of the Settlement.

35.    In addition to the grounds set forth in ¶ 34 above, Progenity shall have the unilateral right to terminate the Settlement in the event that Settlement Class Members timely and validly requesting exclusion from the Settlement Class meet the conditions set forth in Defendants' confidential supplemental agreement with Lead Plaintiffs (the "Supplemental Agreement"), in accordance with the terms of that agreement.    The Supplemental Agreement, which is being executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless and until the Court otherwise directs or a dispute arises between Lead Plaintiffs and Progenity concerning its interpretation or application, in which event the Parties shall submit the Supplemental Agreement to the Court in camera and request that the Court afford it confidential treatment.

## NO ADMISSION OF WRONGDOING

36.    Neither the Term Sheet, this Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and this Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, this Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)    shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has

33

been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b)     shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

(c)     shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, that if this Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

### **MISCELLANEOUS PROVISIONS**

37.     All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

34

38.    Defendants warrant that, as to the payments made or to be made by or on behalf of them, at the time of entering into this Stipulation and at the time of such payment they, or to their knowledge any persons or entities contributing to the payment of the Settlement Amount, were not insolvent, nor will the payment required to be made by or on behalf of them render them insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof.  This representation is made by each of the Defendants and not by their counsel.

39.    In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Defendants to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Lead Plaintiffs, Lead Plaintiffs and Defendants shall jointly move the Court to vacate and set aside the Releases given and the Judgment or Alternate Judgment, if applicable, entered in favor of Defendants and the other Releasees pursuant to this Stipulation, in which event the releases and Judgment, or Alternate Judgment, if applicable, shall be null and void, and the Parties shall be restored to their respective positions in the litigation as provided in ¶ 33 above and any cash amounts in the Settlement Fund (less any Taxes paid, due or owing with respect to the Settlement Fund and less any Notice and Administration Costs actually incurred, paid or payable) shall be returned as provided in ¶ 33.

40.    The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Lead Plaintiffs and any other Settlement Class Members against the Defendants' Releasees with respect to the Released Plaintiffs' Claims.  Accordingly, Lead Plaintiffs and their counsel and Defendants and their

35

counsel agree not to assert in any forum that this Action was brought by Lead Plaintiffs or defended by Defendants in bad faith or without a reasonable basis.  No Party shall assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the institution, prosecution, defense, or settlement of this Action.  The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Parties, and reflect the Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

41.    While retaining their right to deny that the claims asserted in the Action were meritorious, Defendants and their counsel, in any statement made to any media representative (whether or not for attribution) will not assert that the Action was commenced or prosecuted in bad faith, nor will they deny that the Action was commenced and prosecuted in good faith and is being settled voluntarily after consultation with competent legal counsel.  In all events, Lead Plaintiffs and their counsel and Defendants and their counsel shall not make any accusations of wrongful or actionable conduct by either Party concerning the prosecution, defense, and resolution of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.

42.    The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived except by a writing signed on behalf of both Lead Plaintiffs and Defendants (or their successors-in-interest).

43.    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

44.    The administration and consummation of the Settlement as embodied in this

Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Lead Counsel and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Settlement Class Members.

45.     The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

46.     This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement among Lead Plaintiffs and Defendants concerning the Settlement and this Stipulation and its exhibits.  All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party hereto concerning this Stipulation, its exhibits or the Supplemental Agreement other than those contained and memorialized in such documents.

47.     This Stipulation may be executed in one or more counterparts, including by a .pdf/.tif image of the signature transmitted via email.  All executed counterparts and each of them shall be deemed to be one and the same instrument.

48.     This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate or reorganize.

49.     The construction, interpretation, operation, effect and validity of this Stipulation, the Supplemental Agreement and all documents necessary to effectuate it shall be governed by the internal laws of the State of California without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

50. Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in the Court.

51. This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

52. All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

53. Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

54. If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or facsimile or email transmission, with confirmation of receipt.  Notice shall be provided as follows:

If to Lead Plaintiffs or Lead Counsel:   Glancy Prongay & Murray LLP
Attn:  Garth Spencer, Esq.
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone:  (310) 201-9150
Email: gspencer@glancylaw.com

If to Defendants:
Gibson, Dunn & Crutcher LLP
Attn:  Brian M. Lutz, Esq.
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone:  (415) 393-8379
Email: blutz@gibsondunn.com

-and-

O'Melveny & Myers LLP
Attn:  Daniel L. Cantor, Esq.
1301 Avenue of the Americas, Suite 1700
New York, NY 10019-6022
Telephone:  (212) 326-2000
Email: dcantor@omm.com

55.    Except as otherwise provided herein, each Party shall bear its own costs.

56.    Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall keep all negotiations, discussions, acts performed, agreements, drafts, documents signed and proceedings in connection with the Stipulation confidential, except as may be required by Court order, for compliance with the rules or regulations of the U.S. Securities and Exchange Commission, or for other legal obligations.

57.    All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

58.    Defendants shall be responsible for sending notices required by the Class Action Fairness Act and for all costs and expenses related thereto.

59.    No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Settlement Class Member's tax obligations, and the determination thereof, are the sole

responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

**IN WITNESS WHEREOF,** the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of September 19, 2024.

GLANCY PRONGAY & MURRAY LLP

By: _____

Robert V. Prongay
Casey E. Sadler
Garth A. Spencer
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Email: rprongay@glancylaw.com
Email: csadler@glancylaw.com
Email; gspencer@glancylaw.com

*Attorneys for Lead Plaintiffs Lin Shen,*
*Lingjun Lin, and Fusheng Lin*

GIBSON, DUNN & CRUTCHER LLP

By: _____

Brian M. Lutz
One Embarcadero Center
Suite 2600
San Francisco, CA 94111-371
Telephone: (415) 393-8379
Email: blutz@gibsondunn.com

Alexander K. Mircheff
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Email: amircheff@gibsondunn.com

*Attorneys for Defendants Progenity, Inc.,*
*Harry Stylli, Eric d'Esparbes, Jeffrey Alter,*
*John Bigalke, Jeffrey Ferrell, Brian L. Kotzin,*
*Samuel Nussbaum, and Lynne Powell*

40

O'MELVENY & MYERS LLP

By: _____*/s/ Daniel L. Cantor*_____

Daniel L. Cantor
1301 Avenue of the Americas
Suite 1700
New York, NY 10019-6022
Telephone: 212.326.2000
Email: dcantor@omm.com

Matthew W. Close
400 South Hope Street
Los Angeles, CA 90071-2899
Telephone: 213.430.6000
Email: mclose@omm.com

*Attorneys for Defendants Piper Sandler & Co., Wells Fargo Securities, LLC, Robert W. Baird & Co. Incorporated, Raymond James & Associates, Inc. and BTIG LLC*

# EXHIBIT A

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE PROGENITY, INC. SECURITIES LITIGATION | Case No. 3:20-cv-01683-RBM-AHG<br><br>**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE**<br><br>Hon. Ruth Bermudez Montenegro |

WHEREAS, a consolidated class action is pending in this Court entitled *In re Progenity, Inc. Securities Litigation*, Case No. 20-cv-01683 (the "Action");

WHEREAS, (a) lead plaintiffs Lin Shen, Lingjun Lin, and Fusheng Lin (collectively "Lead Plaintiffs"), on behalf of themselves and the Settlement Class (defined below), and (b) defendants (i) Progenity, Inc. ("Progenity") (n/k/a Biora Therapeutics, Inc.); (ii) Harry Stylli, Eric d'Esparbes, Jeffrey Alter, John Bigalke, Jeffrey Ferrell, Brian L. Kotzin, Samuel Nussbaum, and Lynne Powell (collectively, the "Individual Defendants"); and (iii) Piper Sandler & Co., Wells Fargo Securities, LLC, Robert W. Baird & Co. Incorporated, Raymond James & Associates, Inc., and BTIG, LLC (collectively, the "Underwriter Defendants," and, together with Progenity and the Individual Defendants, the "Defendants"; and together with Lead Plaintiffs, the "Parties") have determined to settle all claims asserted against Defendants in this Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated September 19, 2024 (the "Stipulation") subject to approval of this Court (the "Settlement");

WHEREAS, Lead Plaintiffs have made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation, certifying the Settlement Class for

1

purposes of the Settlement only, and allowing notice to Settlement Class Members[1] as more fully described herein;

WHEREAS, the Court has read and considered: (a) Lead Plaintiffs' motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.      **Class Certification for Settlement Purposes** – Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the proposed Settlement, a "Settlement Class" consisting of all persons and entities that purchased or otherwise acquired the common stock of Progenity, Inc. (n/k/a Biora Therapeutics, Inc.) pursuant and/or traceable to Progenity's initial public offering Registration Statement and were damaged thereby. Excluded from the Settlement Class are: (a) persons who suffered no compensable losses; and (b)(i) Defendants; (ii) present and former parents, subsidiaries, assigns, successors, predecessors and Affiliates of Progenity or the Underwriter Defendants;[2] (iii) any person who served as an officer and/or director of Progenity or the Underwriter Defendants and who would otherwise be a member of the Settlement Class and their Immediate Family members;[3] (iv) any entity in which the Defendants

---

[1] The term "Settlement Class Member(s)" has the meaning set forth in paragraph 1 of the Stipulation.

[2] "Affiliates" means persons or entities that directly or indirectly through one or more intermediaries, control, are controlled by or are under common control with one of the Defendants.

[3] "Immediate Family" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law. As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

2

have or had a controlling interest; (v) Athyrium Capital Management, LP, Athyrium Opportunities 2020 LP, and any Athyrium Affiliate;[4] (vi) any trust of which an Individual Defendant is the settler or which is for the benefit of an Individual Defendant and/or member(s) of their immediate families; (vii) Defendants' liability insurance carriers; and (viii) the legal representatives, heirs, successors, and assigns of any person or entity excluded under provisions (i) through (vii) hereof.  Also excluded from the Settlement Class are any persons and entities who or which submit a request for exclusion from the Settlement Class that is accepted by the Court.

2. **Class Findings** – Solely for purposes of the proposed Settlement of this Action, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Lead Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3. The Court hereby finds and concludes that pursuant to Rule 23 of the

---

[4] "Athyrium Affiliate" means any affiliate of Athyrium Capital Management, LP or Athyrium Opportunities 2020 LP, including but not limited to Athyrium Opportunities Fund (A) LP; Athyrium Opportunities Fund (B) LP; Athyrium Opportunities III Co-Invest 1 LP; Athyrium Opportunities III Acquisition 2 LP; Athyrium Opportunities Associates LP; Athyrium Opportunities Associates GP LLC; Athyrium Capital Management, LP; Athyrium Capital Holdings, LLC; Athyrium Opportunities Advisers LLC; NB Alternatives Advisers LLC; NB Alternatives GP Holdings LLC; NB Alternatives Holdings LLC; Athyrium Opportunities Associates Co-Invest LLC; Athyrium Funds GP Holdings LLC; Athyrium Opportunities Associates III LP; Athyrium Opportunities Associates III GP LLC; and Athyrium Opportunities III Acquisition LP.

Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiffs Lin Shen, Lingjun Lin, and Fusheng Lin are adequate class representatives and certifies them as Class Representatives for the Settlement Class.  The Court also appoints Lead Counsel, Glancy Prongay & Murray LLP, as Class Counsel for the Settlement Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4.      **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

5.      **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on _____, 2024 at __:__ _.m. in Courtroom 5B of the Edward J. Schwartz United States Courthouse, 221 West Broadway, San Diego, CA 92101, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Settlement Class, and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement.  Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in paragraph 7 of this Order.

6.      The Court may adjourn the Settlement Hearing without further notice to the Settlement Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class.

7.     **Retention of Claims Administrator and Manner of Giving Notice** – Lead Counsel is hereby authorized to retain Strategic Claims Services (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below.  Notice of the Settlement and the Settlement Hearing shall be given by Lead Counsel as follows:

(a)     within five (5) business days of the date of entry of this Order, (a) Progenity shall provide or cause to be provided to the Claims Administrator in electronic format (at no cost to the Settlement Fund, Lead Counsel, Plaintiffs, or the Claims Administrator) lists of purchasers of record (consisting of  names, addresses and, to the extent such information is in Progenity's possession and is reasonably available, email addresses) of Progenity common stock between June 18, 2020 and December 2, 2020, and (b) the Underwriter Defendants shall either (i) provide or cause to be provided to the Claims Administrator in electronic format (at no cost to the Settlement Fund, Lead Counsel, Plaintiffs, or the Claims Administrator) lists of purchasers of record (consisting of names, addresses and, to the extent such information is reasonably available, email addresses) of Progenity common stock between June 18, 2020 and December 2, 2020, (ii) request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners; or (iii) request from the Claims Administrator a link to the Notice and Claim Form and email the link to all such beneficial owners for whom valid email addresses are available within seven (7) calendar days of receipt of the link from the Claims Administrator;[5]

(b)     not later than twenty (20) business days after the date of entry of

---

[5] Underwriter Defendants that elect either option (b)(ii) or (b)(iii) shall be responsible for all direct costs and expenses of communicating notice by those means.

this Order (the "Notice Date"), the Claims Administrator shall: (i) cause a copy of the Postcard Notice, substantially in the form attached hereto as Exhibit 4, to be mailed by first-class mail to potential Settlement Class Members at the addresses set forth in the records provided by Defendants or in the records which Defendants caused to be provided, or who otherwise may be identified through further reasonable effort; or (ii) where email addresses are available, the Claims Administrator shall email a link to the Notice and Claim Form to potential Settlement Class Members at the email addresses set forth in the records provided by Defendants or in the records which Defendants caused to be provided, or who otherwise may be identified through further reasonable effort;

(c)    contemporaneously with the mailing of the Postcard Notice and emailing of links to the Notice and Claim Form, the Claims Administrator shall cause copies of the Notice and the Claim Form to be posted on a website to be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded;

(d)    not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in *Investor's Business Daily* and to be transmitted once over the *PR Newswire*; and

(e)    not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

8.    **<u>Approval of Form and Content of Notice</u>** – The Court (a) approves, as to form and content, the Notice, the Claim Form, the Summary Notice, and the Postcard Notice attached hereto as Exhibits 1, 2, 3, and 4, respectively, and (b) finds that the mailing and distribution of the Postcard Notice, the posting of the Notice and Claim Form online, and the publication of the Summary Notice in the manner and form set forth in paragraph 7 of this Order (i) is the best notice practicable under the

circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 77z-1, as amended, and all other applicable law and rules. The date and time of the Settlement Hearing shall be included in the Postcard Notice, Notice, and Summary Notice before they are mailed, posted online, and published, respectively.

9. **Nominee Procedures** – Brokers and other nominees who purchased or otherwise acquired Progenity common stock between June 18, 2020 and December 2, 2020 for the benefit of another person or entity shall (a) within seven (7) calendar days of receipt of the Postcard Notice, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners; (b) request a link to the Notice and Claim Form from the Claims Administrator and, within seven (7) calendar days of receipt of the link, email the link to all such beneficial owners for whom valid email addresses are available; or (c) within seven (7) calendar days of receipt of the Postcard Notice, send a list of the names, mailing addresses and email addresses (to the extent available) of all such beneficial owners to the Claims Administrator, in which event the Claims

Administrator shall promptly mail the Postcard Notice, or email the link to the Notice and Claim Form where email addresses are available, to such beneficial owners. Brokers and other nominees that choose to follow procedures (a) or (b) must also send a statement to the Claims Administrator confirming that the mailing or emailing was made as directed.  Upon full and timely compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred, not to exceed: (a) $0.02 per name, mailing address, and email address (to the extent available) provided to Claims Administrator; (b) $0.02 per email for emailing notice; or (c) $0.02 per postcard, plus postage at the pre-sort rate used by the Claims Administrator, for mailing the Postcard Notice, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.  Nominees are not authorized to print the Postcard Notice themselves for mailing.  Postcard Notices may only be printed by the Claims Administrator.

10.     **Participation in the Settlement** – Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Claim Forms must be postmarked or submitted online to the Claims Administrator no later than one hundred twenty (120) calendar days after the Notice Date.  Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class.  By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim and the subject matter of the Settlement.

11.    Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

12.    Any Settlement Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees, as more fully described in the Stipulation and Notice.  Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 10 above.

13.    **Exclusion From the Settlement Class** – Any member of the Settlement Class who wishes to exclude himself, herself or itself from the Settlement Class must

9

request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to: *In re Progenity Inc. Securities Litigation*, EXCLUSIONS, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson Street, Suite 205, Media, PA 19063, and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *In re Progenity Inc. Securities Litigation*, 20-cv-01683"; (iii) state the number of shares of Progenity common stock that the person or entity requesting exclusion purchased/acquired and/or sold between June 18, 2020 and December 2, 2020, as well as the dates and prices of each such purchase/acquisition and sale; (iv) state the number of shares of Progenity common stock that the person or entity requesting exclusion sold between December 3, 2020 and June 2, 2021, as well as the dates and prices of each such sale; and (v) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

14. Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action and shall not receive any payment out of the Net Settlement Fund.

15. Any Settlement Class Member who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the

Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders and judgments in the Action, including, but not limited to, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Plaintiffs' Claims against any of the Defendants' Releasees, as more fully described in the Stipulation and Notice.

16. **<u>Appearance and Objections at Settlement Hearing</u>** – Any Settlement Class Member who does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 17 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct. Any Settlement Class Member who does not enter an appearance will be represented by Lead Counsel.

17. Any Settlement Class Member who does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and appear and show cause, if he, she or it has any cause, why the proposed Settlement, the proposed Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses should not be approved; *provided, however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation and/or the motion for attorneys' fees and reimbursement of Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received no

11

later than twenty-one (21) calendar days prior to the Settlement Hearing.

| **Lead Counsel** | **Defendants' Counsel** |
|---|---|
| Glancy Prongay & Murray LLP | Gibson, Dunn & Crutcher LLP |
| Garth Spencer, Esq. | Brian M. Lutz , Esq. |
| 1925 Century Park East, Suite 2100 | One Embarcadero Center Suite, 2600 |
| Los Angeles, CA 90067 | San Francisco, CA 94111 |
| | |
| | -and- |
| | |
| | O'Melveny & Myers LLP |
| | Daniel L. Cantor, Esq. |
| | 1301 Avenue of the Americas, Suite 1700 |
| | New York, NY 10019-6022 |

18.     Any objections, filings and other submissions by the objecting Settlement Class Member: (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including (i) the number of shares of Progenity common stock that the objecting Settlement Class Member purchased/acquired and/or sold between June 18, 2020 and December 2, 2020, as well as the dates and prices of each such purchase/acquisition and sale, and (ii) the number of shares of Progenity common stock that the objecting Settlement Class Member sold between December 3, 2020 and June 2, 2021, as well as the dates and prices of each such sale.  Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

19.     Any Settlement Class Member who or which does not make his, her or

12

its objection in the manner provided herein shall be deemed to have waived his, her or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

20.   **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.  Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Lead Plaintiffs, and all other members of the Settlement Class, from commencing or prosecuting any and all of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees.

21.   **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

22.   **Settlement Fund** – The contents of the Settlement Fund held by The Huntington National Bank (which the Court approves as the Escrow Agent), shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

23.   **Taxes** – Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or

13

filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

24.   **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiffs, the other Settlement Class Members and Defendants, and the Parties shall revert to their respective positions in the Action as of June 24, 2024, as provided in the Stipulation.

25.   **Use of this Order** – Neither this Order, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):  (a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiffs' Releasees that any of their claims are without

merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; *provided, however,* that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

26. **Supporting Papers** – Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

27. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this _____ day of _____, 2024.

_____
The Honorable Ruth Bermudez Montenegro
United States District Judge

15

# EXHIBIT A-1

**Exhibit A-1**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE PROGENITY, INC. SECURITIES LITIGATION | Case No. 3:20-cv-01683-RBM-AHG<br><br>Honorable Ruth Bermudez Montenegro |

**NOTICE OF (I) PENDENCY OF CLASS ACTION, CERTIFICATION OF SETTLEMENT CLASS, AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

*A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:**  Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Southern District of California (the "Court"), if you purchased or otherwise acquired the common stock of Progenity, Inc. ("Progenity" or the "Company") (now known as Biora Therapeutics, Inc.) pursuant and/or traceable to Progenity's initial public offering Registration Statement and were damaged thereby. The Plan of Allocation for the proposed Settlement considers Progenity common stock purchased or acquired during the period June 18, 2020 through December 2, 2020, both dates inclusive, to have been purchased or acquired pursuant and/or traceable to Progenity's initial public offering Registration Statement.[1]

**NOTICE OF SETTLEMENT:**  Please also be advised that the Court-appointed Lead Plaintiffs Lin Shen, Lingjun Lin, and Fusheng Lin ("Lead Plaintiffs"), on behalf of themselves and the Settlement Class (as defined in ¶ 31 below), have reached a proposed settlement of the Action for $1,000,000 in cash that, if approved, will resolve all claims in the Action (the "Settlement").

**PLEASE READ THIS NOTICE CAREFULLY.  This Notice explains important rights you may have, including the possible receipt of cash from the Settlement.  If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact Progenity, any other Defendants in the Action, or their counsel.  All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 92 below).**

1.  **Description of the Action and the Settlement Class:**  This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other

---

[1]  All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated September 19, 2024 (the "Stipulation"), which is available at www.strategicclaims.net/progenity.

things, that defendants: (a) Progenity; (b) Harry Stylli, Eric d'Esparbes, Jeffrey Alter, John Bigalke, Jeffrey Ferrell, Brian L. Kotzin, Samuel Nussbaum, and Lynne Powell (collectively, the "Individual Defendants"); and (c) Piper Sandler & Co., Wells Fargo Securities, LLC, Robert W. Baird & Co. Incorporated, Raymond James & Associates, Inc., and BTIG, LLC (collectively, the "Underwriter Defendants," and, together with Progenity and the Individual Defendants, the "Defendants," and together with Lead Plaintiffs, the "Parties") violated the federal securities laws by making false and misleading statements regarding Progenity. A more detailed description of the Action is set forth in paragraphs 11-30 below.  The proposed Settlement, if approved by the Court, will settle claims of the Settlement Class, as defined in paragraph 31 below.

2.   **Statement of the Settlement Class's Recovery:**   Subject to Court approval, Lead Plaintiffs, on behalf of themselves and the Settlement Class, have agreed to settle the Action in exchange for a settlement payment of $1,000,000 in cash (the "Settlement Amount") to be deposited into an escrow account.  The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (a) any Taxes, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, and (d) any attorneys' fees awarded by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class.   The proposed plan of allocation (the "Plan of Allocation") is set forth in paragraphs 57-75 below.

3.   **Estimate of Average Amount of Recovery Per Share:**   Assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses and costs as described herein) per eligible share of Progenity common stock is $0.21.  Settlement Class Members should note, however, that the foregoing average recovery per share is only an estimate.  Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased/acquired or sold their Progenity common stock, and the total number of valid Claim Forms submitted.  Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth herein (*see* paragraphs 57-75 below) or such other plan of allocation as may be ordered by the Court.

4.   **Average Amount of Damages Per Share:**  The Parties do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiffs were to prevail in the Action. Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Settlement Class as a result of their conduct.

5.   **Attorneys' Fees and Expenses Sought:**  Court-appointed Lead Counsel, Glancy Prongay & Murray LLP ("Lead Counsel") which have been prosecuting the Action on a wholly contingent basis since their appointment in 2020, have not received any payment of attorneys' fees for their representation of the Settlement Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action.  Lead Counsel will apply to the Court for an award of attorneys' fees in an amount not to exceed 33⅓% of the Settlement Fund.  In addition, Lead Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution and resolution of the claims against the Defendants, in an amount not to exceed $110,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Settlement Class in an aggregate amount not to exceed $7,500.  Any fees and expenses awarded by the Court will

2

be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.  Estimates of the average cost per affected share of Progenity common stock, if the Court approves Lead Counsel's fee and expense application, is $0.09 per eligible security.

6.    **Identification of Attorneys' Representatives:**  Lead Plaintiffs and the Settlement Class are represented by Garth Spencer, Esq. of Glancy Prongay & Murray LLP, 1925 Century Park East, Suite 2100, Los Angeles, CA 90067, (310) 201-9150, settlements@glancylaw.com.

7.    **Reasons for the Settlement:**  Lead Plaintiffs' principal reason for entering into the Settlement is the substantial immediate cash benefit for the Settlement Class without the risk or the delays inherent in further litigation.  Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after continuing to prosecute Lead Plaintiffs' appeal of the Court's dismissal of the Action, and, if Lead Plaintiffs' appeal were successful, additional contested motions, a trial of the Action and the likely additional appeals that would follow a trial.  This process could be expected to last several years.  Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM TO THE CLAIMS ADMINISTRATOR POSTMARKED OR ONLINE NO LATER THAN _____, 2024.** | This is the only way to be eligible to receive a payment from the Settlement Fund.  If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 40 below) that you have against Defendants and the other Defendants' Releasees (defined in ¶ 41 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2024.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund.  This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or the other Defendants' Releasees concerning the Released Plaintiffs' Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2024.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them.  You cannot object to the Settlement, the Plan of Allocation or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| **GO TO A HEARING ON _____, 2024 AT __:__ _.M., AND FILE A** | Filing a written objection and notice of intention to appear by _____, 2024 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed |

3

| NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2024. | Settlement, the Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses.  If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
|---|---|
| DO NOTHING. | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund.  You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

## WHAT THIS NOTICE CONTAINS

Why Did I Get The Postcard Notice? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]

What Is This Case About? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  Page [ ]

How Do I Know If I Am Affected By The Settlement?  Who Is Included
    In The Settlement Class? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]

What Are Lead Plaintiffs' Reasons For The Settlement? . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]

What Might Happen If There Were No Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]

How Are Settlement Class Members Affected By The Action And
    The Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]

How Do I Participate In The Settlement?  What Do I Need To Do? . . . . . . . . . . . . . . . . . .Page [ ]

How Much Will My Payment Be? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]

What Payment Are The Attorneys For The Settlement Class Seeking?
    How Will The Lawyers Be Paid? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]

What If I Do Not Want To Be A Member Of The Settlement Class?
    How Do I Exclude Myself? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]

When And Where Will The Court Decide Whether To Approve The Settlement?
    Do I Have To Come To The Hearing?  May I Speak At The Hearing If I
    Don't Like The Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]

What If I Bought Shares On Someone Else's Behalf? . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]

Can I See The Court File?  Whom Should I Contact If I Have Questions? . . . . . . . . . . . . Page [ ]

## WHY DID I GET THE POSTCARD NOTICE?

8.     The Court directed that the Postcard Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired Progenity common stock pursuant and/or traceable to Progenity's initial public offering Registration Statement.  The Court also directed that this Notice be posted online at www.strategicclaims.net/progenityand mailed to you upon request to the Claims Administrator.  The Court has directed us to disseminate these notices because, as a potential Settlement Class

4

Member, you have a right to know about your options before the Court rules on the proposed Settlement. Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights. If the Court approves the Settlement, and the Plan of Allocation (or some other plan of allocation), the claims administrator selected by Lead Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9. The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so. It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation and the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing"). *See* paragraphs 81-82 and 88 below for details about the Settlement Hearing, including the date and location of the hearing.

10. The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing. Please be patient, as this process can take some time to complete.

## WHAT IS THIS CASE ABOUT?

11. This litigation is about allegedly misleading statements made by Defendants in Progenity's initial public offering Registration Statement concerning Progenity's molecular testing business.

12. Beginning on August 28, 2020, two class action complaints were filed in the Court, styled *Soe v. Progenity, Inc., et al.*, Case No. 20-cv-01683 and *Brickman Investments Inc. v. Progenity, Inc., et al.*, Case No. 3:20-cv-01795.

13. By Order dated December 3, 2020, the Court ordered that the cases be consolidated and recaptioned as *In re Progenity, Inc. Securities Litigation*, Case No. 20-cv-1683; appointed Lin Shen, Lingjun Lin, and Fusheng Lin as Lead Plaintiffs for the consolidated action; and approved Lead Plaintiffs' selection of Glancy Prongay & Murray LLP as Lead Counsel for the class.

14. On February 4, 2021, Lead Plaintiffs filed and served their Amended Class Action Complaint For Violation Of The Securities Act Of 1933 ("First Amended Complaint") asserting claims against all Defendants under Section 11 of the Securities Act of 1933 (the "Securities Act"), and against the Individual Defendants under Section 15 of the Securities Act. Among other things, the First Amended Complaint alleged that Defendants made materially false and misleading statements in Progenity's initial public offering Registration Statement about Progenity's overbilling of government payors for Preparent genetic tests, and about its trends of decreasing test volumes, average selling prices, and revenues. The First Amended Complaint further alleged that the price of Progenity's publicly-traded common stock was artificially inflated as a result of Defendants' allegedly false and misleading statements, and declined when the truth was revealed.

15. On April 5, 2021, Defendants served a motion to dismiss the First Amended Complaint. On June 4, 2021, Lead Plaintiffs served their papers in opposition. On July 19, 2021, Defendants served their reply papers. On September 1, 2021, the Court granted Defendants' motion and

dismissed Lead Plaintiffs' claims without prejudice.

16.   On September 22, 2021, Lead Plaintiffs filed their Second Amended Class Action Complaint For Violation Of The Securities Act Of 1933 ("Second Amended Complaint") asserting claims against all Defendants under Section 11 of the Securities Act, and against the Individual Defendants under Section 15 of the Securities Act. Like the First Amended Complaint, the Second Amended Complaint alleged that Defendants made materially false and misleading statements in Progenity's initial public offering Registration Statement about Progenity's overbilling of government payors for Preparent genetic tests, and about its trends of decreasing test volumes, average selling prices, and revenues. The Second Amended Complaint additionally alleged that Defendants made materially false and misleading statements in Progenity's initial public offering Registration Statement about Progenity's decision to discontinue an illegal marketing practice prior to the initial public offering. The Second Amended Complaint further alleged that the price of Progenity's publicly-traded common stock was artificially inflated as a result of Defendants' allegedly false and misleading statements, and declined when the truth was revealed.

17.   On November 15, 2021, Defendants served a motion to dismiss the Second Amended Complaint. On January 14, 2022, Lead Plaintiffs served their papers in opposition. On February 22, 2022, Defendants served their reply papers.

18.   On May 6, 2022, the Parties participated in a status conference to discuss positions on settlement, before Magistrate Judge Allison H. Goddard. No settlement was reached at that conference.

19.   On January 13, 2023, the Court granted Defendants' motion to dismiss the Second Amended Complaint and dismissed Lead Plaintiffs' claims without prejudice.

20.   On February 3, 2023, Lead Plaintiffs filed their Third Amended Class Action Complaint For Violation Of The Securities Act Of 1933 (the "Complaint") asserting claims against all Defendants under Section 11 of the Securities Act, and against the Individual Defendants under Section 15 of the Securities Act. Like the Second Amended Complaint, the Complaint alleged that Defendants made materially false and misleading statements in Progenity's initial public offering Registration Statement about Progenity's overbilling of government payors for Preparent genetic tests, its decision to discontinue an illegal marketing practice prior to the initial public offering, and its trends of decreasing test volumes, average selling prices, and revenues. The Complaint further alleged that the price of Progenity's publicly-traded common stock was artificially inflated as a result of Defendants' allegedly false and misleading statements, and declined when the truth was revealed.

21.   On March 20, 2023, Defendants served a motion to dismiss the Complaint. On May 4, 2023, Lead Plaintiffs served their papers in opposition. On June 5, 2023, Defendants served their reply papers. On July 12, 2023, the Court granted Defendants' motion and dismissed Lead Plaintiffs' claims with prejudice. On July 12, 2023, the Clerk entered judgment. On August 11, 2023, Lead Plaintiffs filed their Notice of Appeal, appealing from the judgment to the Ninth Circuit Court of Appeals ("Appellate Court").

22.   On September 7, 2023, the Parties participated in an assessment conference with Circuit Mediator Robert S. Kaiser to explore settlement potential. No settlement was reached at that conference. On September 13, 2023, Lead Plaintiffs sent Defendants a written settlement demand.

23.   On November 15, 2023, Lead Plaintiffs submitted their opening appellate brief.

6

24.     On January 11, 2024, Defendants responded to Lead Plaintiffs' settlement demand. The Parties continued to negotiate concerning a potential settlement of the Action.

25.     On January 16, 2024, Defendants submitted their answering appellate brief. On March 7, 2024, Lead Plaintiffs submitted their reply appellate brief.

26.     On March 11, 2024, the Parties reached an agreement in principle to settle the Action for a payment of $1 million on a class-wide basis. The Parties continued to negotiate concerning the terms of a settlement.

27.     On May 21, 2024, the Appellate Court stated that Lead Plaintiffs' Appeal is being considered for oral argument in September or October of 2024. On June 24, 2024, Lead Plaintiffs filed in the Appellate Court the Parties' Joint Notice of Settlement And Motion For Stay Of Appeal And Limited Remand. On July 3, 2024, the Appellate Court granted the motion, and remanded the Action to the District Court for the limited purpose of conducting proceedings relating to the Parties' proposed settlement.

28.     Based on the investigation of the case and Lead Plaintiffs' direct oversight of the prosecution of this matter and with the advice of their counsel, each of the Lead Plaintiffs has agreed to settle and release the claims raised in the Action pursuant to the terms and provisions of the Stipulation, after considering, among other things, (a) the substantial financial benefit that Lead Plaintiffs and the other members of the Settlement Class will receive under the proposed Settlement; and (b) the procedural posture of the case and the significant risks and costs of continued litigation.

29.     Defendants are entering into the Stipulation solely to eliminate the uncertainty, burden and expense of further protracted litigation.  Each of the Defendants denies any wrongdoing, and the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants, or any other of the Defendants' Releasees (defined in ¶ 41 below), with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Defendants have, or could have, asserted.  Similarly, the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Lead Plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

30.     On _____, 2024, the Court preliminarily approved the Settlement, authorized the Postcard Notice to be mailed to potential Settlement Class Members and this Notice to be posted online and mailed to potential Settlement Class Members upon request, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

---

**HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?**
**WHO IS INCLUDED IN THE SETTLEMENT CLASS?**

---

31.     If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded.  The Settlement Class consists of:

> all persons and entities that purchased or otherwise acquired the common stock of Progenity, Inc. (n/k/a Biora Therapeutics, Inc.) pursuant and/or traceable to Progenity's initial public offering Registration Statement and were damaged

thereby.

Excluded from the Settlement Class are: (a) persons and entities that suffered no compensable losses; and (b)(i) Defendants; (ii) present and former parents, subsidiaries, assigns, successors, predecessors and Affiliates of Progenity or the Underwriter Defendants; (iii) any person who served as an officer and/or director of Progenity or the Underwriter Defendants and who would otherwise be a member of the Settlement Class and their Immediate Family members;[2] (iv) any entity in which the Defendants have or had a controlling interest; (v) Athyrium Capital Management, LP, Athyrium Opportunities 2020 LP, and any Athyrium Affiliate;[3] (vi) any trust of which an Individual Defendant is the settler or which is for the benefit of an Individual Defendant and/or member(s) of their immediate families; (vii) Defendants' liability insurance carriers; and (viii) the legal representatives, heirs, successors, and assigns of any person or entity excluded under provisions (i) through (vii) hereof. Also excluded from the Settlement Class are any persons and entities who or which submit a request for exclusion from the Settlement Class that is accepted by the Court. *See* "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself," on page [___] below. For the avoidance of doubt, "affiliates" are persons or entities that directly or indirectly through one or more intermediaries, control, are controlled by or are under common control with one of the Defendants.

**PLEASE NOTE: RECEIPT OF THE POSTCARD NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.**

> **If you are a Settlement Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Claim Form that is available online at www.strategicclaims.net/progenity or which can be mailed to you upon request to the Claims Administrator, and the required supporting documentation as set forth therein, postmarked or online no later than _____, 2024.**

| |
|---|
| **WHAT ARE LEAD PLAINTIFFS' REASONS FOR THE SETTLEMENT?** |

---

[2] "Immediate Family" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law. As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

[3] "Athyrium Affiliate" means any affiliate of Athyrium Capital Management, LP or Athyrium Opportunities 2020 LP, including but not limited to Athyrium Opportunities Fund (A) LP; Athyrium Opportunities Fund (B) LP; Athyrium Opportunities III Co-Invest 1 LP; Athyrium Opportunities III Acquisition 2 LP; Athyrium Opportunities Associates LP; Athyrium Opportunities Associates GP LLC; Athyrium Capital Management, LP; Athyrium Capital Holdings, LLC; Athyrium Opportunities Advisers LLC; NB Alternatives Advisers LLC; NB Alternatives GP Holdings LLC; NB Alternatives Holdings LLC; Athyrium Opportunities Associates Co-Invest LLC; Athyrium Funds GP Holdings LLC; Athyrium Opportunities Associates III LP; Athyrium Opportunities Associates III GP LLC; and Athyrium Opportunities III Acquisition LP.

8

32.     Lead Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit.  They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against the remaining Defendants through trial and appeals, as well as the very substantial risks they would face in establishing liability and damages.  The Court dismissed Lead Plaintiffs' claims three times, finding that the statements in Progenity's initial public offering Registration Statement were not materially false or misleading.  Lead Plaintiffs disagree with the Court's decisions and have appealed to the Appellate Court, but if litigation of that appeal continues, it is possible that the Appellate Court will uphold the Court's decisions. If Lead Plaintiffs were successful on appeal, upon remand to the Court they would still have to prove their claims and overcome additional contested motions. Lead Counsel expects that Defendants would continue to argue that none of their statements were materially misleading. Even if Lead Plaintiffs were successful on appeal and the hurdles to establishing liability in the Court were overcome, Lead Counsel expects that Defendants would dispute the amount of damages that could be attributed to the allegedly misleading statements.  Lead Plaintiffs would have to prevail at several stages – motions for summary judgment, trial, and if they prevailed on those, on the additional appeals that would likely follow.  Thus, there were very significant risks attendant to the continued prosecution of the Action.

33.     In light of these risks, the amount of the Settlement and the immediacy of recovery to the Settlement Class, Lead Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Settlement Class.  Lead Plaintiffs and Lead Counsel believe that the Settlement provides a substantial benefit to the Settlement Class, namely $1,000,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller, or no recovery after further litigation of Lead Plaintiffs' appeal, and if that appeal were successful, summary judgment, trial and additional appeals, possibly years in the future.

34.     Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever.  Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation.  Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

35.     If there were no Settlement and Lead Plaintiffs failed to prevail in their appeal, or to establish any essential legal or factual element of their claims against Defendants, neither Lead Plaintiffs nor the other members of the Settlement Class would recover anything from Defendants.  Also, if Defendants were successful on Lead Plaintiffs' pending appeal, or in proving any of their defenses, either at summary judgment, at trial or on additional appeals, the Settlement Class could recover nothing at all, or substantially less than the amount provided in the Settlement.

## HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

36.     As a Settlement Class Member, you are represented by Lead Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a

9

notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page ___ below.

37.    If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself?," on page ___ below.

38.    If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

39.    If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court.  If the Settlement is approved, the Court will enter a judgment (the "Judgment").  The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and on behalf of any other person or entity legally entitled to bring Released Plaintiffs' Claims (as defined in ¶ 40 below) on behalf of the respective Settlement Class Member in such capacity only, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim against the Defendants and the other Defendants' Releasees (as defined in ¶ 41 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

40.    "Released Plaintiffs' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims (including waiving the protections of California Civil Code § 1542), whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that Plaintiffs or any other member of the Settlement Class: (i) asserted in the Action; or (ii) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Action and that relate to the purchase or acquisition of Progenity common stock pursuant and/or traceable to Progenity's initial public offering Registration Statement.  Released Plaintiffs' Claims do not include any claims: (i) relating to the enforcement of the Settlement; (ii) of any person or entity who or which submits a request for exclusion that is accepted by the Court; (iii) asserted in the action titled *Bushansky v. Stylli et al.*, S.D. Cal. Case No. 3:21-cv-01065; or (iv) asserted in that certain letter received by Progenity on August 17, 2021 purportedly on behalf of a stockholder of the Company demanding that the Company's board of directors investigate and take action against certain of the Company's current and former officers and directors for alleged breaches of fiduciary duties and related claims arising out of the Action.

41.    "Defendants' Releasees" means (i) each Defendant; (ii) the Immediate Family members of the Individual Defendants; (iii) direct or indirect parent entities, subsidiaries, related entities, and

10

Affiliates of Progenity or the Underwriter Defendants;  (iv) any trust of which any Individual Defendant is the settler or which is for the benefit of any Individual Defendant and/or his or her Immediate Family members; (v) for any of the entities listed in parts (i) through (iv), their respective past and present general partners, limited partners, principals, shareholders, joint venturers, officers, directors, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, insurers, trustees, trustors, agents, attorneys, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof; and (vi) any entity in which a Defendant has a controlling interest; all in their capacities as such.

42.   "Unknown Claims" means any Released Plaintiffs' Claims which any Lead Plaintiff, any other Settlement Class Member, or any other person or entity legally entitled to bring Released Plaintiffs' Claims on behalf of any Settlement Class Member in such capacity only, does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant, or any other person or entity legally entitled to bring Released Defendants' Claims on behalf of the Defendant in such capacity only, does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly waive, and each of the other releasing parties shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiffs and Defendants acknowledge, and each of the other releasing parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

43.   The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and on behalf of any other person or entity legally entitled to bring Released Defendants' Claims (as defined in ¶ 44 below) on behalf of the Defendants in such capacity only, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim against Lead Plaintiffs and the other Plaintiffs' Releasees (as defined in ¶ 45 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees. This release shall not apply to any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

44.   "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims (including waiving the protections of California Civil Code § 1542), whether arising under federal, state, local, common, statutory,

11

administrative, or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that arise out of or relate in any way to the institution, prosecution, appeal or settlement of the claims asserted in the Action against the Defendants.  Released Defendants' Claims shall not include any claims: (i) relating to the enforcement of the Settlement; (ii) against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court; (iii) that Defendants have or may have related to the action titled *Bushansky v. Stylli et al.*, S.D. Cal. Case No. 3:21-cv-01065; or (iv) that Defendants have or may have related to that certain letter received by Progenity on August 17, 2021 purportedly on behalf of a stockholder of the Company demanding that the Company's board of directors investigate and take action against certain of the Company's current and former officers and directors for alleged breaches of fiduciary duties and related claims arising out of the Action.

45.    "Plaintiffs' Releasees" means (i) Plaintiffs, all other members of the Settlement Class, Lead Counsel, and (ii) each of their respective family members, and their respective partners, general partners, limited partners, principals, shareholders, joint venturers, officers, directors, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, insurers, trustees, trustors, agents, attorneys, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof, all in their capacities as such. For the avoidance of doubt, Plaintiffs' Releasees do not include any persons and entities who or which submit a request for exclusion from the Settlement Class that is accepted by the Court.

## HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?

46.    To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation **postmarked or online no later than _____, 2024**.  A Claim Form is available on the website maintained by the Claims Administrator for the Settlement, www.strategicclaims.net/progenity, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at (866) 274-4004.  Please retain all records of your ownership of and transactions in Progenity common stock, as they may be needed to document your Claim.  If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

47.    At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

48.    Pursuant to the Settlement, Defendants have agreed to pay or caused to be paid one million ($1,000,000) in cash.  The Settlement Amount will be deposited into an escrow account.  The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund."  If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state and/or local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing notice to

12

Settlement Class Members and administering the Settlement on behalf of Settlement Class Members; and (c) any attorneys' fees and Litigation Expenses awarded by the Court) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

49.    The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

50.    Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final.  Defendants shall not have any liability, obligation or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund or the plan of allocation.

51.    Approval of the Settlement is independent from approval of a plan of allocation.  Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

52.    Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form to the Claims Administrator postmarked or online on or before _____, 2024 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given.  This means that each Settlement Class Member releases the Released Plaintiffs' Claims (as defined in ¶ 40 above) against the Defendants' Releasees (as defined in ¶ 41 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Plaintiffs' Claims against any of the Defendants' Releasees whether or not such Settlement Class Member submits a Claim Form.

53.    Participants in and beneficiaries of a plan covered by ERISA ("ERISA Plan") should NOT include any information relating to their transactions in Progenity common stock held through the ERISA Plan in any Claim Form that they may submit in this Action.  They should include ONLY those shares that they purchased or acquired outside of the ERISA Plan.  Claims based on any ERISA Plan's purchases or acquisitions of Progenity common stock pursuant and/or traceable to Progenity's initial public offering Registration Statement, during the period June 18, 2020 through December 2, 2020, both dates inclusive, may be made by the plan's trustees.  To the extent any of the Defendants or any of the other persons or entities excluded from the Settlement Class are participants in the ERISA Plan, such persons or entities shall not receive, either directly or indirectly, any portion of the recovery that may be obtained from the Settlement by the ERISA Plan.

54.    The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

55.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

56.    Only Settlement Class Members, *i.e.*, persons and entities who purchased or otherwise acquired Progenity common stock pursuant and/or traceable to Progenity's initial public offering Registration Statement and were damaged thereby, will be eligible to share in the distribution of the Net Settlement Fund.  Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be

13

eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms. The only securities that are included in the Settlement are Progenity common stock.

## PROPOSED PLAN OF ALLOCATION

57.    The Plan of Allocation (the "Plan of Allocation" or "Plan") set forth below is the plan for the distribution of the Settlement proceeds that is being proposed by Lead Plaintiffs and Lead Counsel to the Court for approval.  The Court may approve this Plan of Allocation or modify it without additional notice to the Settlement Class.  Any order modifying the Plan of Allocation will be posted on the Settlement website at: www.strategicclaims.net/progenity.

58.    The objective of the Plan of Allocation is to equitably distribute the Settlement proceeds to those Settlement Class Members who suffered economic losses as a proximate result of the alleged wrongdoing.  The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial.  Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

59.    The Action alleges claims under the Securities Act with respect to Progenity common stock purchased or otherwise acquired pursuant or traceable to the Company's initial public offering Registration Statement.[4] Progenity common stock purchased directly in the initial public offering from an underwriter or its agent, or in the open market during the period June 18, 2020 through December 2, 2020, both dates inclusive, shall be considered an acquisition pursuant or traceable to the Registration Statement.

60.    Section 11 of the Securities Act provides for an affirmative defense of negative causation which prevents recovery for losses that Defendants prove are not attributable to misrepresentations and/or omissions alleged by Lead Plaintiffs in the registration statement.  Thus, the calculation of the Recognized Loss Amount assumes that the decline in the price of Progenity common stock, net of market and industry effects, in response to disclosures allegedly correcting the alleged misrepresentations is the only compensable loss.

61.    In this matter, Lead Plaintiffs allege that corrective disclosures removed the alleged artificial inflation from the price of Progenity common stock on the following dates: August 14, 2020; September 10, 2020; October 29, 2020; October 30, 2020; November 2, 2020; November 10, 2020; November 19, 2020; November 20, 2020; November 23, 2020; June 2, 2021; and June 3, 2021 (the "Corrective Disclosure Dates").  The estimated alleged artificial inflation in the price of Progenity common stock is reflected in Table 1 below.  In order to have a Recognized Loss

---

[4] In connection with Progenity's initial public offering, in June 2020, Progenity issued and sold 6,666,667 shares of common stock at an offering price of $15.00 per share.  The common stock began trading on the Nasdaq Global Market ("Nasdaq") on June 19, 2020 under the ticker symbol "PROG."  In May 2022, Progenity was acquired by Biora Therapeutics, Inc., and on May 9, 2022, the Company's stock began trading under the ticker symbol "BIOR."  On January 3, 2023, Biora Therapeutics, Inc. completed a 1-for-25 reverse stock split of its common stock.  Herein, references to Progenity share quantities, prices and price inflation are *not* adjusted for this reverse stock split.

14

Amount, Progenity common stock must have been purchased or acquired pursuant and/or traceable to the Registration Statement and held at the opening of the U.S. financial markets on at least one of the alleged Corrective Disclosure Dates.  To the extent a Claimant's transactions in Progenity common stock do not satisfy the conditions set forth in the preceding sentence, his, her or its Recognized Loss Amount for those transactions will be zero.

| Table 1 Artificial Inflation in Progenity Common Stock | | |
|---|---|---|
| **From** | **To** | **Per-Share Price Inflation** |
| June 18, 2020 | August 13, 2020 | $6.88 |
| August 14, 2020 | September 9, 2020 | $5.73 |
| September 10, 2020 | October 28, 2020 | $4.98 |
| October 29, 2020 | October 29, 2020 | $3.20 |
| October 30, 2020 | November 1, 2020 | $2.39 |
| November 2, 2020 | November 9, 2020 | $1.63 |
| November 10, 2020 | November 18, 2020 | $1.35 |
| November 19, 2020 | November 19, 2020 | $1.16 |
| November 20, 2020 | November 22, 2020 | $1.05 |
| November 23, 2020 | June 1, 2021 | $0.75 |
| June 2, 2021 | June 2, 2021 | $0.07 |
| June 3, 2021 | Thereafter | $0.00 |

62.    In the calculations below, all purchase and sale prices shall exclude any fees, taxes and commissions.  If a Recognized Loss Amount is calculated to be a negative number, that Recognized Loss Amount shall be set to zero.  Any transactions in Progenity common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

## CALCULATION OF RECOGNIZED LOSS AMOUNT PER SHARE

63.    Based on the formula set forth below, a Recognized Loss Amount shall be calculated for each purchase or acquisition of Progenity common stock pursuant or traceable to the Registration Statement that is listed in the Claim Form and for which adequate documentation is provided.

 i. For each share that was sold prior to August 14, 2020, the Recognized Loss Amount is $0.00.

 ii. For each share that was sold during the period August 14, 2020 through August 27, 2020,[5] inclusive, the Recognized Loss Amount is *the lesser of*:

---

[5] August 27, 2020 is the last trading date prior to the filing date of the first complaint stating a claim under the Securities Act for shares acquired pursuant or traceable to the Registration Statement.  The closing price for Progenity common stock that day was $9.10.

15

    a.    the price inflation per share on the date of purchase as provided in Table 1 above *minus* the price inflation per share on the date of sale as provided in Table 1 above; or

    b.    the purchase price (not to exceed $15.00) *minus* the sale price.

iii.  For each share that was sold during the period August 28, 2020 through June 2, 2021, inclusive, the Recognized Loss Amount is *the lesser of*:

    a.    the price inflation per share on the date of purchase as provided in Table 1 above *minus* the price inflation per share on the date of sale as provided in Table 1 above; or

    b.    the purchase price (not to exceed $15.00) *minus* the greater of the sale price or $9.10.

iv.  For each share still held as of the close of the U.S. financial markets on June 2, 2021, the Recognized Loss Amount is *the lesser of*:

    a.    the price inflation per share on the date of purchase as provided in Table 1 above; or

    b.    the purchase price (not to exceed $15.00) *minus* $9.10.

## ADDITIONAL PROVISIONS

64.   The Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (defined in paragraph 72 below) is $10.00 or greater.

65.   **FIFO Matching:** All purchases/acquisitions and sales shall be matched on a First In, First Out ("FIFO") basis.  Under FIFO, sales of Progenity common stock will be matched against previous purchases/acquisitions of Progenity common stock in chronological order, beginning with the earliest purchase/acquisition.

66.   **Calculation of Claimant's "Recognized Claim":** A Claimant's "Recognized Claim" under the Plan of Allocation shall be the sum of his, her or its Recognized Loss Amounts for all shares of the Progenity common stock purchased or otherwise acquired pursuant or traceable to the Registration Statement.

67.   **"Purchase/Sale" Dates:** Purchases/acquisitions of Progenity common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, inheritance or operation of law of Progenity common stock shall not be deemed a purchase/acquisition of Progenity common stock for the calculation of an Authorized Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of any Progenity common stock unless (i) the donor/decedent purchased or otherwise acquired such Progenity common stock pursuant or traceable to the Registration Statement; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such Progenity common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

16

68.   **Short Sales:** The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Progenity common stock.  The date of a "short sale" is deemed to be the date of sale of Progenity common stock.  Under the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero.  In the event that a Claimant has a short position in Progenity common stock, the earliest subsequent purchases or acquisitions of Progenity common stock shall be matched against such short position, and not be entitled to a recovery, until that short position is fully covered.

69.   **Option Contracts:** Option contracts are not securities eligible to participate in the Settlement.  With respect to Progenity common stock purchased through the exercise of an option, the purchase date of the Progenity common stock shall be the exercise date of the option, and the purchase price of the Progenity common stock shall be the closing price of Progenity common stock on the date of exercise.  Any Recognized Loss Amount arising from purchases of Progenity common stock acquired through the exercise of an option on Progenity common stock shall be computed as provided for other purchases of Progenity common stock in the Plan of Allocation.

70.   **Market Gains and Losses:** To the extent a Claimant had an overall market gain with respect to all of his, her, or its purchases and acquisitions of Progenity common stock pursuant or traceable to the Registration Statement, the value of the Claimant's Recognized Claim shall be zero.  To the extent that a Claimant suffered an overall market loss with respect to all of his, her, or its purchases and acquisitions of Progenity common stock pursuant or traceable to the Registration Statement, but that market loss was less than the total Recognized Claim calculated above, then the Claimant's Recognized Claim shall be limited to the amount of the actual market loss.

71.   For purposes of determining whether a Claimant had an overall market gain with respect to all of his, her, or its purchases and acquisitions of Progenity common stock pursuant or traceable to the Registration Statement or suffered a market loss, the Claims Administrator shall determine the difference between (i) the Total Purchase Amount[6] and (ii) the sum of the Total Sales Proceeds[7] and the Holding Value.[8]  If the Claimant's Total Purchase Amount *minus* the sum of the Total Sales Proceeds and the Holding Value is a positive number, that number will be the Claimant's market loss on such securities; if the number is a negative number or zero, that number will be the Claimant's market gain on such securities.

---

[6] The "Total Purchase Amount" is the total amount the Claimant paid (excluding commissions and other charges) for all Progenity common stock purchased or otherwise acquired pursuant or traceable to the Registration Statement.

[7] The total amount received (excluding commissions and other charges) for sales of Progenity common stock purchased or otherwise acquired pursuant or traceable to the Registration Statement shall be the "Total Sales Proceeds."

[8] The Claims Administrator shall ascribe a "Holding Value" to shares of Progenity common stock purchased or otherwise acquired pursuant or traceable to the Registration Statement and still held as of the close of trading on June 3, 2021, which shall be $2.11 (*i.e.*, the closing price of the stock on the last Corrective Disclosure Date, June 3, 2021).  The sum of the holding values for all shares of Progenity common stock purchased or otherwise acquired pursuant or traceable to the Registration Statement shall be the Claimant's "Total Holding Value."

17

72.    **Determination of Distribution Amount:**  The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.  If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to such Authorized Claimant.  Any Distribution Amounts of less than $10.00 will be included in the pool distributed to those Settlement Class Members whose Distribution Amounts are $10.00 or greater.

73.    After the initial distribution of the Net Settlement Fund, the Claims Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the fund nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator shall conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution.  Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective.  At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Lead Counsel and approved by the Court.

74.    Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants.  No person shall have any claim against Lead Plaintiffs, Lead Counsel, Lead Plaintiffs' damages expert, Defendants, Defendants' Counsel, or any of the other Releasees, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court.  Lead Plaintiffs, Defendants and their respective counsel, and all other Defendants' Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

75.    The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Lead Plaintiffs and Lead Counsel after consultation with their damages expert.  The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Settlement Class.  Any Orders regarding any modification of the Plan of Allocation will be posted on the settlement website, www.strategicclaims.net/progenity.

---

**WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?**

---

76.    Lead Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Settlement Class, nor have Lead Counsel been reimbursed for their out-of-pocket expenses.  Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees in an amount not to exceed 33⅓% of the Settlement Fund. At the same time, Lead Counsel also intends to apply for reimbursement of Litigation Expenses in an amount not to exceed $110,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Settlement Class in an aggregate amount not to exceed $7,500.  The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.

---

**WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?**

---

77.    Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Settlement Class, addressed to *In re Progenity Inc. Securities Litigation*, EXCLUSIONS, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson Street, Suite 205, Media, PA 19063.   The exclusion request must be ***received*** no later than _____, 2024.  You will not be able to exclude yourself from the Settlement Class after that date.  Each Request for Exclusion must: (a) state the name, address and telephone number of the person or entity requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the Settlement Class in *In re Progenity Inc. Securities Litigation*, Case No. 20-cv-01683"; (c) state the number of shares of Progenity common stock that the person or entity requesting exclusion purchased/acquired and/or sold during the period June 18, 2020 through December 2, 2020, both dates inclusive, as well as the dates and prices of each such purchase/acquisition and sale; (d) state the number of shares of Progenity common stock that the person or entity requesting exclusion sold during the period December 3, 2020 through June 2, 2021, both dates inclusive, as well as the dates and prices of each such sale; and (e) be signed by the person or entity requesting exclusion or an authorized representative.  A Request for Exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

78.    If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Defendants' Releasees.

79.    If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

80.    Defendants have the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Lead Plaintiffs and Defendants.

---

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING?**

---

| **MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?** |
|---|

81.    **Settlement Class Members do not need to attend the Settlement Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing.  You can participate in the Settlement without attending the Settlement Hearing**.

82.    The Settlement Hearing will be held on _____, 2024 at __:__ _.m., before the Honorable Ruth Bermudez Montenegro in Courtroom 5B of the Edward J. Schwartz United States Courthouse, 221 West Broadway, San Diego, CA 92101.  The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

83.    Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses.  Objections must be in writing.  You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Southern District of California at the address set forth below on or before _____, 2024.  You must also serve the papers on Lead Counsel and on Defendants' Counsel at the addresses set forth below so that the papers are *received* **on or before _____, 2024**.

| **Clerk's Office** | **Lead Counsel** | **Defendants' Counsel** |
|---|---|---|
| Clerk of the Court United States District Court Southern District of California 333 West Broadway, Suite 420 San Diego, CA 92101 | Glancy Prongay & Murray LLP Garth Spencer, Esq. 1925 Century Park East Suite 2100 Los Angeles, CA 90067 | Gibson, Dunn & Crutcher LLP Brian M. Lutz, Esq. One Embarcadero Center Suite 2600 San Francisco, CA 94111  -and-  O'Melveny & Myers LLP Daniel L. Cantor, Esq. 1301 Avenue of the Americas, Suite 1700 New York, NY 10019-6022 |

84.    Any objection: (a) must state the name, address and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including (i) the number of shares of Progenity common stock that the person or entity requesting exclusion purchased/acquired and/or sold during the period June 18, 2020 through December 2, 2020, both

20

dates inclusive, and (ii) the number of shares of Progenity common stock that the person or entity requesting exclusion sold during the period December 3, 2020 through June 2, 2021, both dates inclusive. You may not object to the Settlement, the Plan of Allocation or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

85. You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

86. If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth above so that it is *received* **on or before _____, 2024**. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

87. You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 83 above so that the notice is *received* **on or _____, 2024**.

88. The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Class. If you intend to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

89. **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

### WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

90. If you purchased or otherwise acquired the common stock of Progenity pursuant and/or traceable to Progenity's initial public offering Registration Statement, during the period June 18, 2020 through December 2, 2020, both dates inclusive, for the beneficial interest of persons or entities other than yourself, within seven (7) calendar days of receipt of the Claims Administrator's notice of the Settlement you must either: (a) request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners; (b) request a link to the Notice and Claim Form from the Claims Administrator and, within seven (7) calendar days of receipt of the link, email the link to all such beneficial owners for whom valid email

21

addresses are available; or (c) provide a list of the names, mailing addresses and email addresses (to the extent available) of all such beneficial owners to *In re Progenity Inc. Securities Litigation*, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson Street, Suite 205, Media, PA 19063; (866) 274-4004; info@strategicclaims.net. If you choose option (c), the Claims Administrator will send a copy of the Postcard Notice or email a link to the Notice and Claim Form to the beneficial owners. Nominees that choose to follow procedures (a) or (b) must also send a statement to the Claims Administrator confirming that the mailing or emailing was made as directed.

91. Upon full and timely compliance with these directions, nominees may seek reimbursement of their reasonable expenses actually incurred, not to exceed: (a) $0.02 per name, mailing address, and email address (to the extent available) provided to Claims Administrator; (b) $0.02 per email for emailing notice; or (c) $0.02 per postcard, plus postage at the pre-sort rate used by the Claims Administrator, for mailing the Postcard Notice, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Any dispute concerning the reasonableness of reimbursement costs shall be resolved by the Court. **YOU ARE NOT AUTHORIZED TO PRINT THE POSTCARD NOTICE YOURSELF. POSTCARD NOTICES MAY ONLY BE PRINTED BY THE COURT-APPOINTED CLAIMS ADMINISTRATOR**.

| **CAN I SEE THE COURT FILE? WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?** |
| --- |

92. This Notice contains only a summary of the terms of the proposed Settlement. For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court, Southern District of California, 333 West Broadway, Suite 420, San Diego, CA 92101. Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.strategicclaims.net/progenity.

All inquiries concerning this Notice and the Claim Form should be directed to the Claims Administrator or Lead Counsel at:

| | | |
| --- | --- | --- |
| *In re Progenity Inc. Securities Litigation* | and/or | Garth Spencer, Esq. |
| c/o Strategic Claims Services | | Glancy Prongay & Murray LLP |
| P.O. Box 230 | | 1925 Century Park East, Suite 2100 |
| 600 N. Jackson Street, Suite 205 | | Los Angeles, CA 90067 |
| Media, PA 19063 | | (310) 201-9150 |
| (866) 274-4004 | | settlements@glancylaw.com |
| info@strategicclaims.net | | |
| www.strategicclaims.net/progenity | | |

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: _____, 2024                                   By Order of the Court

22

United States District Court
Southern District of California

23

# EXHIBIT A-2

**Exhibit A-2**

*In re Progenity Inc. Securities Litigation*
**c/o Strategic Claims Services**
**P.O. Box 230**
**600 N. Jackson Street, Suite 205**
**Media, PA 19063**
**Toll-Free Number: (866) 274-4004**
**Email: info@strategicclaims.net**
**Settlement Website: www.strategicclaims.net/progenity**

## PROOF OF CLAIM AND RELEASE FORM

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must complete and sign this Proof of Claim and Release Form ("Claim Form") and mail it by first-class mail to the above address, **postmarked no later than _____, 2024 or submit it online at www.strategicclaims.net/progenity by _____, 2024**.

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to receive any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the parties to the Action, or their counsel.  Submit your Claim Form only to the Claims Administrator at the address set forth above.**

| TABLE OF CONTENTS | PAGE # |
|---|---|
| **PART I – CLAIMANT INFORMATION** | __ |
| **PART II – GENERAL INSTRUCTIONS** | __ |
| **PART III – SCHEDULE OF TRANSACTIONS IN PROGENITY COMMON STOCK** | __ |
| **PART IV – RELEASE OF CLAIMS AND SIGNATURE** | __ |

## PART I – CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this Claim Form.  If this information changes, you MUST notify the Claims Administrator in writing at the address above.

Claimant Names(s) (as the name(s) should appear on check, if eligible for payment; if the shares are jointly owned, the names of all beneficial owners must be provided):

Name of Person the Claims Administrator Should Contact Regarding this Claim Form (Must Be Provided):

Mailing Address – Line 1: Street Address/P.O. Box:

Mailing Address – Line 2 (If Applicable): Apartment/Suite/Floor Number:

City:

State/Province:          Zip Code:                    Country:

Last 4 digits of Claimant Social Security/Taxpayer Identification Number:[1]

Daytime Telephone Number:                    Evening Telephone Number:

Email address (E-mail address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim.):

---

[1] The last four digits of the taxpayer identification number (TIN), consisting of a valid Social Security Number (SSN) for individuals or Employer Identification Number (EIN) for business entities, trusts, estates, etc., and the telephone number of the beneficial owner(s) may be used in verifying this claim.

## PART II – GENERAL INSTRUCTIONS

1.      It is important that you completely read and understand the Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice") that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice.  The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court.  The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form.  By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

2.      By submitting this Claim Form, you will be making a request to share in the proceeds of the Settlement described in the Notice.  IF YOU ARE NOT A SETTLEMENT CLASS MEMBER (see the definition of the Settlement Class on page __ of the Notice, which sets forth who is included in and who is excluded from the Settlement Class), OR IF YOU, OR SOMEONE ACTING ON YOUR BEHALF, SUBMITTED A REQUEST FOR EXCLUSION FROM THE SETTLEMENT CLASS, DO NOT SUBMIT A CLAIM FORM.  **YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A SETTLEMENT CLASS MEMBER.**  THUS, IF YOU ARE EXCLUDED FROM THE SETTLEMENT CLASS, ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

3.      **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement.  The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.**

4.      Use the Schedule of Transactions in Part III of this Claim Form to supply all required details of your transaction(s) (including free transfers and deliveries) in and holdings of Progenity common stock.  On this schedule, please provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of Progenity common stock, whether such transactions resulted in a profit or a loss.  **Failure to report all transaction and holding information during the requested time period may result in the rejection of your claim.**

5.      <u>Please note</u>:  Only Progenity common stock purchased or otherwise acquired pursuant and/or traceable to Progenity's initial public offering Registration Statement is eligible under the Settlement.  Under the Plan of Allocation, only Progenity common stock purchased or otherwise acquired between June 18, 2020 and December 2, 2020 is considered eligible under the Settlement.  However, your purchases, acquisitions and sales of Progenity common stock through June 2, 2021, inclusive, will also be used for purposes of calculating your claim under the Plan of Allocation.

6.      You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of Progenity common stock set forth in the Schedule of Transactions in Part III of this Claim Form.  Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement.  The Parties, including Progenity, and the Claims Administrator **do not** independently have information about your investments in Progenity common stock.  IF SUCH

DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OR EQUIVALENT DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS. **Please keep a copy of all documents that you send to the Claims Administrator. Also, please do not highlight any portion of the Claim Form or any supporting documents.**

7.      Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

8.      All joint beneficial owners must each sign this Claim Form and their names must appear as "Claimants" in Part I of this Claim Form. If you purchased or otherwise acquired Progenity common stock and held the shares in your name, you are the beneficial owner as well as the record owner and you must sign this Claim Form to participate in the Settlement. If, however, you purchased or otherwise acquired Progenity common stock and the securities were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these shares, but the third party is the record owner. The beneficial owner, not the record owner, must sign this Claim Form to be eligible to participate in the Settlement.

9.      Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a)      expressly state the capacity in which they are acting;

(b)      identify the name, account number, Social Security Number (or taxpayer identification number), address and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Progenity common stock; and

(c)      furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

10.     By submitting a signed Claim Form, you will be swearing that you:

(a)      own(ed) the Progenity common stock you have listed in the Claim Form; or

(b)      are expressly authorized to act on behalf of the owner thereof.

11.     By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America. The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

12.     If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing. The claims process will take substantial time to

complete fully and fairly.  Please be patient.

13.     **PLEASE NOTE:**  As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her or its *pro rata* share of the Net Settlement Fund.  If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

14.     If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, Strategic Claims Services, at the above address, by email at info@strategicclaims.net, or by toll-free phone at (866) 274-4004, or you can visit the Settlement website, www.strategicclaims.net/progenity, where copies of the Claim Form and Notice are available for downloading.

15.     NOTICE REGARDING INSTITUTIONAL FILERS:  Representatives with authority to file on behalf of: (a) accounts of multiple Settlement Class Members; and/or (b) institutional accounts with large numbers of transactions ("Representative Filers") must submit information regarding their transactions in an electronic spreadsheet format.  (This is different than the online claim portal on the Settlement website.)  To obtain the ***mandatory*** electronic filing requirements and file layout, you may visit the Settlement website at www.strategicclaims.net/progenity, or you may email the Claims Administrator's electronic filing department at efile@strategicclaims.net.  **Any file not in accordance with the required electronic filing format will be subject to rejection.**  All Representative Filers MUST also submit a manually signed Claim Form for each Settlement Class Member, as well as proof of authority to file, along with the electronic spreadsheet format.  Only one claim should be submitted for each separate legal entity, sub-accounts should be rolled up into a parent account if the sub-accounts contain the same tax identification number, and the ***complete*** name of the beneficial owner of the securities must be entered where called for.  No electronic files will be considered to have been submitted unless the Claims Administrator issues an email to that effect.  **Do not assume that your file has been received until you receive the confirmation email.  If you do not receive such an email within 10 days after your submission, you should contact the electronic filing department at efile@strategicclaims.net to inquire about your file and confirm it was received.**

16.     NOTICE REGARDING ELECTRONIC FILES: Claimants who are not Representative Filers may submit their claims online using the electronic version of the Claim Form hosted at www.strategicclaims.net/progenity.  If you are not acting as a Representative Filer, you do not need to contact the Claims Administrator before filing.  You will receive an automated e-mail confirming receipt once your Claim Form has been submitted.  If you are unsure whether you should submit your claim as a Representative Filer, please contact the Claims Administrator at info@strategicclaims.net or (866) 274-4004.  If you are not a Representative Filer, but your claim contains a large number of transactions, the Claims Administrator may request that you also submit an electronic spreadsheet showing your transactions to accompany your Claim Form.  **If you do not receive a confirmation email within 10 days of your submission, you should contact the Claims Administrator at info@strategicclaims.net to inquire about your claim and confirm it was received and acceptable.**

**IMPORTANT: PLEASE NOTE**

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGMENT POSTCARD OR CLAIM SUBMISSION CONFIRMATION EMAIL.  THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY EMAIL WITHIN 10 DAYS IF YOU FILE YOUR CLAIM ONLINE AT**

Page 5

**WWW.STRATEGICCLAIMS.NET/PROGENITY, OR WITHIN 60 DAYS IF YOU FILE YOUR CLAIM BY MAIL.  IF YOU DO NOT RECEIVE A CONFIRMATION EMAIL WITHIN 10 DAYS, OR AN ACKNOWLEDGMENT POSTCARD WITHIN 60 DAYS, PLEASE CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT (866) 274-4004.**

## PART III – SCHEDULE OF TRANSACTIONS IN PROGENITY COMMON STOCK

Please be sure to include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 6, above. Do not include information regarding securities other than Progenity common stock.

**1. PURCHASES/ACQUISITIONS FROM JUNE 18, 2020 THROUGH DECEMBER 2, 2020** – Separately list each and every purchase/acquisition (including free receipts) of Progenity common stock in Progenity's initial public offering and from after the opening of trading on June 18, 2020 through and including the close of trading on December 2, 2020. (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/Acquired | Purchase/Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchase Enclosed |
|---|---|---|---|---|
| /   / | | $ | $ | ○ |
| /   / | | $ | $ | ○ |
| /   / | | $ | $ | ○ |

| **2. PURCHASES FROM DECEMBER 3, 2020 THROUGH JUNE 2, 2021** – State the total number of shares of Progenity common stock purchased after the opening of trading on December 3, 2020 through and including the close of trading June 2, 2021. (Must be documented.) If none, write "zero" or "0."[2] _____ | Confirm Proof of Position Enclosed ○ |
|---|---|

| **3. SALES FROM JUNE 18, 2020 THROUGH JUNE 2, 2021** – Separately list each and every sale/disposition (including free deliveries) of Progenity common stock from after the opening of trading on June 18, 2020 through and including the close of trading on June 2, 2021. (Must be documented.) | **IF NONE, CHECK HERE** ○ |
|---|---|

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
|---|---|---|---|---|
| /   / | | $ | $ | ○ |
| /   / | | $ | $ | ○ |
| /   / | | $ | $ | ○ |
| | | | | |

| **4. HOLDINGS AS OF JUNE 2, 2021** – State the total number of shares of Progenity common stock held as of the close of trading on June 2, 2021. (Must be documented.) If none, write "zero" or "0." _____ | Confirm Proof of Position Enclosed ○ |
|---|---|

---

[2] Purchases of Progenity common stock during the period from December 3, 2020 through and including June 2, 2021 do not have Recognized Loss Amounts and are not eligible for recovery under the Settlement, but information regarding those purchases is needed in order to balance your claim. Therefore, on this Claim Form, you must provide the number of shares purchased between December 3, 2020 and June 2, 2021, both dates inclusive.

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT. PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE. IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX**

## PART IV – RELEASE OF CLAIMS AND SIGNATURE

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE __
OF THIS CLAIM FORM.**

I (we) hereby acknowledge that, pursuant to the terms set forth in the Stipulation, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves), and on behalf of any other person or entity legally entitled to bring Released Plaintiffs' Claims on my (our) behalf in such capacity only, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim (including, without limitation, any Unknown Claims) against the Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

## CERTIFICATION

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) agree(s) to the release above and certifies (certify) as follows:

1. that I (we) have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2. that the claimant(s) is a (are) Settlement Class Member(s), as defined in the Notice, and is (are) not excluded by definition from the Settlement Class as set forth in the Notice;

3. that the claimant(s) has (have) **not** submitted a request for exclusion from the Settlement Class;

4. that I (we) own(ed) the Progenity common stock identified in the Claim Form and have not assigned the claim against any of the Defendants or any of the other Defendants' Releasees to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5. that the claimant(s) has (have) not submitted any other claim covering the same purchases/acquisitions of Progenity common stock and knows (know) of no other person having done so on the claimant's (claimants') behalf;

6. that the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') claim and for purposes of enforcing the releases set forth herein;

7. that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator or the Court may require;

8. that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the Court's summary disposition of the determination of the validity or amount of the claim made by this Claim Form;

9. that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

10.     that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the claimant(s) is (are) exempt from backup withholding or (b) the claimant(s) has (have) not been notified by the IRS that he/she/it/they is (are) subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the claimant(s) that he/she/it/they is (are) no longer subject to backup withholding. **If the IRS has notified the claimant(s) that he/she/it/they is (are) subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____

Signature of claimant                                                                              Date

_____

Print your name here

_____

Signature of joint claimant, if any                                                         Date

_____

Print your name here

*If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

_____

Signature of person signing on behalf of claimant                             Date

_____

Print your name here

_____

Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc. (Must provide evidence of authority to act on behalf of claimant – see paragraph 9 on page ___ of this Claim Form.)

## REMINDER CHECKLIST:

1. Please sign the above release and certification.  If this Claim Form is being made on behalf of joint claimants, then both must sign.

2. Remember to attach only **copies** of acceptable supporting documentation as these documents will not be returned to you.

3. Please do not highlight any portion of the Claim Form or any supporting documents.

4. Keep copies of the completed Claim Form and documentation for your own records.

5. If submitted online at www.strategicclaims.net/progenity, the Claims Administrator will acknowledge receipt of your claim via a confirmation email within 10 days. Otherwise, the Claims Administrator will acknowledge receipt of your Claim Form by mail within 60 days.  Your claim is not deemed filed until you receive an acknowledgment postcard or confirmation email. **If you do not receive a confirmation email within 10 days or an acknowledgment postcard within 60 days, please call the Claims Administrator toll free at (866) 274-4004.**

6. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, please send the Claims Administrator written notification of your new address.  If you change your name, please inform the Claims Administrator.

7. If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the address below, by email at info@strategicclaims.net, or by toll-free phone at (866) 274-4004, or you may visit www.strategicclaims.net/progenity.  Please DO NOT call Progenity or any of the other Defendants or their counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, **POSTMARKED NO LATER THAN _____, 2024**, ADDRESSED AS FOLLOWS:

In re Progenity, Inc. Securities Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 205
(866) 274-4004
info@strategicclaims.net
www.strategicclaims.net/progenity

**OR SUBMITTED ONLINE AT WWW.STRATEGICCLAIMS.NET/PROGENITY  BY _____, 2024.**

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before _____, 2024 is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions.  In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms. Please be patient and notify the Claims Administrator of any change of address.

Page 11

# EXHIBIT A-3

**Exhibit A-3**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE PROGENITY, INC. SECURITIES LITIGATION | Case No. 3:20-cv-01683-RBM-AHG<br><br>Honorable Ruth Bermudez Montenegro |

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION, CERTIFICATION OF SETTLEMENT CLASS, AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

**TO: All persons and entities that purchased or otherwise acquired the common stock of Progenity, Inc. (n/k/a Biora Therapeutics, Inc.) pursuant and/or traceable to Progenity's initial public offering Registration Statement (*i.e.*, from June 18, 2020 through December 2, 2020, both dates inclusive), and were damaged thereby (the "Settlement Class")[1]:**

**PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of California, that the above-captioned litigation (the "Action") has been certified as a class action on behalf of the Settlement Class, except for certain persons and entities who are excluded from the Settlement Class by definition as set forth in the full Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice").

YOU ARE ALSO NOTIFIED that Lead Plaintiffs in the Action have reached a proposed settlement of the Action for $1,000,000 in cash (the "Settlement"), that, if approved, will resolve all claims in the Action.

A hearing will be held on _____, 2024 at __:__ _.m., before the Honorable Ruth Bermudez Montenegro in Courtroom 5B of the Edward J. Schwartz United States Courthouse, 221 West Broadway, San Diego, CA 92101, to determine (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation (and in the Notice) should be granted; (iii) whether the proposed Plan of Allocation should be approved

---

[1] All capitalized terms used in this Summary Notice that are not otherwise defined herein have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated September 19, 2024 (the "Stipulation"), which is available at www.strategicclaims.net/progenity.

as fair and reasonable; and (iv) whether Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses should be approved.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund**. The Notice and Proof of Claim and Release Form ("Claim Form"), can be downloaded from the website maintained by the Claims Administrator, www.strategicclaims.net/progenity.  You may also obtain copies of the Notice and Claim Form by contacting the Claims Administrator at *In re Progenity Inc. Securities Litigation*, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St., Ste. 205, Media, PA 19063, 1-866-274-4004, info@strategicclaims.net.

If you are a member of the Settlement Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form to the Claims Administrator *postmarked* or online no later than _____, 2024.  If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is *received* no later than _____, 2024, in accordance with the instructions set forth in the Notice.  If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, must be filed with the Court and delivered to Lead Counsel and Defendants' Counsel such that they are *received* no later than _____, 2024, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, Progenity (n/k/a Biora Therapeutics, Inc.), or its counsel regarding this notice.  All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.**

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

GLANCY PRONGAY & MURRAY LLP
Garth Spencer, Esq.
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
(310) 201-9150
info@glancylaw.com

Requests for the Notice and Claim Form should be made to:

2

*In re Progenity Inc. Securities Litigation*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 205
Media, PA 19063
(866) 274-4004
info@strategicclaims.net
www.strategicclaims.net/progenity


By Order of the Court

3

# EXHIBIT A-4

**Exhibit A-4**

In re Progenity Inc. Securities Litigation
c/o Strategic Claims Services
600 N. Jackson St., Ste. 205Media, PA 19063
***COURT-ORDERED LEGAL NOTICE***

**Important Notice about a Securities Class Action Settlement.**

**You may be entitled to a CASH payment. This Notice may affect your legal rights. Please read it carefully.**

*In re Progenity Inc. Securities Litigation*
Case No. 3:20-cv-01683

[Postage Prepaid]

Name
Address
City, State
Zip

---

*THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT. PLEASE VISIT WWW.STRATEGICCLAIMS.NET/PROGENITY FOR MORE INFORMATION.*

There has been a proposed Settlement of claims against Progenity Inc. ("Progenity") (now known as Biora Therapeutics, Inc.), certain underwriters of its initial public offering, and certain executives and directors of Progenity (collectively, the "Defendants"). The Settlement would resolve a lawsuit in which Plaintiffs allege that Defendants disseminated materially false and misleading information to the investing public about Progenity's molecular testing business, in violation of the federal securities laws. Defendants deny any wrongdoing. You received this Postcard Notice because you or someone in your family may have purchased or otherwise acquired Progenity common stock pursuant and/or traceable to Progenity's initial public offering Registration Statement (*i.e.*, from June 18, 2020 through December 2, 2020, both dates inclusive), and been damaged thereby.

Defendants have agreed to pay a Settlement Amount of $1,000,000. The Settlement provides that the Settlement Fund, after deduction of any Court-approved attorneys' fees and expenses, notice and administration costs, and taxes, is to be divided among all Settlement Class Members who submit a valid Claim Form, in exchange for the settlement of this case and the Releases by Settlement Class Members of claims related to this case. **For all details of the Settlement, read the Stipulation and full Notice, available at www.strategicclaims.net/progenity.**

Your share of the Settlement proceeds will depend on the number of valid Claims submitted, and the number, size and timing of your transactions in Progenity common stock. If every eligible Settlement Class Member submits a valid Claim Form, the average recovery will be $0.21 per eligible share of Progenity common stock before expenses and other Court-ordered deductions. Your award will be determined *pro rata* based on the number of claims submitted. This is further explained in the detailed Notice found on the Settlement website.

**To qualify for payment, you must submit a Claim Form**. The Claim Form can be found on the website www.strategicclaims.net/progenity or will be mailed to you upon request to the Claims Administrator by calling toll-free (866) 274-4004. **Claim Forms must be postmarked or submitted online by _____**. If you do not want to be legally bound by the Settlement, you must exclude yourself by _____, or you will not be able to sue the Defendants about the legal claims in this case. If you exclude yourself, you cannot get money from this Settlement. If you want to object to the Settlement, you may file an objection by _____. The detailed Notice explains how to submit a Claim Form, exclude yourself or object.

The Court will hold a hearing in this case on _____, to consider whether to approve the Settlement and a request by the lawyers representing the Settlement Class for up to 33⅓% of the Settlement Fund in attorneys' fees, plus actual expenses up to $102,500 for litigating the case and negotiating the Settlement, and reimbursement of Plaintiffs' costs and expenses related to their representation of the Settlement Class in an aggregate amount not to exceed $7,500. You may attend the hearing and ask to be heard by the Court, but you do not have to. For more information, call toll-free (866) 274-4004 or visit the website www.strategicclaims.net/progenity and read the detailed Notice.

# EXHIBIT B

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

IN RE PROGENITY, INC.
SECURITIES LITIGATION

Case No. 3:20-cv-01683-RBM-AHG

**JUDGMENT APPROVING CLASS ACTION SETTLEMENT**

Hon. Ruth Bermudez Montenegro

WHEREAS, a consolidated class action is pending in this Court entitled *In re Progenity, Inc. Securities Litigation*, Case No. 20-cv-01683 (the "Action");

WHEREAS, (a) lead plaintiffs Lin Shen, Lingjun Lin, and Fusheng Lin (collectively "Lead Plaintiffs"), on behalf of themselves and the Settlement Class (defined below), and (b) defendants (i) Progenity, Inc. ("Progenity") (n/k/a Biora Therapeutics, Inc.); (ii) Harry Stylli, Eric d'Esparbes, Jeffrey Alter, John Bigalke, Jeffrey Ferrell, Brian L. Kotzin, Samuel Nussbaum, and Lynne Powell (collectively, the "Individual Defendants"); and (iii) Piper Sandler & Co., Wells Fargo Securities, LLC, Robert W. Baird & Co. Incorporated, Raymond James & Associates, Inc., and BTIG, LLC (collectively, the "Underwriter Defendants," and, together with Progenity and the Individual Defendants, the "Defendants"; and together with Lead Plaintiffs, the "Parties") have entered into a Stipulation and Agreement of Settlement dated September 19, 2024 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated _____, 2024 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) certified

1

the Settlement Class solely for purposes of effectuating the Settlement; (c) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members;[1] (d) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on _____, 2024 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. **<u>Jurisdiction</u>** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2. **<u>Incorporation of Settlement Documents</u>** – This Judgment incorporates and makes a part hereof:  (a) the Stipulation filed with the Court on _____, 2024; and (b) the Notice, the Summary Notice, and the Postcard Notice, all of which were filed with the Court on _____, 2024.

3. **<u>Class Certification for Settlement Purposes</u>** – The Court hereby affirms its determinations in the Preliminary Approval Order certifying, for the

---

[1] The term "Settlement Class Member(s)" has the meaning set forth in paragraph 1 of the Stipulation.

purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all persons and entities that purchased or otherwise acquired the common stock of Progenity, Inc. (n/k/a Biora Therapeutics, Inc.) pursuant and/or traceable to Progenity's initial public offering Registration Statement and were damaged thereby.  Excluded from the Settlement Class are: (a) persons who suffered no compensable losses; and (b)(i) Defendants; (ii) present and former parents, subsidiaries, assigns, successors, predecessors and Affiliates of Progenity or the Underwriter Defendants;[2] (iii) any person who served as an officer and/or director of Progenity or the Underwriter Defendants and who would otherwise be a member of the Settlement Class and their Immediate Family members;[3] (iv) any entity in which the Defendants have or had a controlling interest; (v) Athyrium Capital Management, LP, Athyrium Opportunities 2020 LP, and any Athyrium Affiliate;[4]  (vi) any trust of which an Individual Defendant is the settler or which is for the benefit of an Individual

---

[2] "Affiliates" means persons or entities that directly or indirectly through one or more intermediaries, control, are controlled by or are under common control with one of the Defendants.

[3] "Immediate Family" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law.  As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

[4] "Athyrium Affiliate" means any affiliate of Athyrium Capital Management, LP or Athyrium Opportunities 2020 LP, including but not limited to Athyrium Opportunities Fund (A) LP; Athyrium Opportunities Fund (B) LP; Athyrium Opportunities III Co-Invest 1 LP; Athyrium Opportunities III Acquisition 2 LP; Athyrium Opportunities Associates LP; Athyrium Opportunities Associates GP LLC; Athyrium Capital Management, LP; Athyrium Capital Holdings, LLC; Athyrium Opportunities Advisers LLC; NB Alternatives Advisers LLC; NB Alternatives GP Holdings LLC; NB Alternatives Holdings LLC; Athyrium Opportunities Associates Co-Invest LLC; Athyrium Funds GP Holdings LLC; Athyrium Opportunities Associates III LP; Athyrium Opportunities Associates III GP LLC; and Athyrium Opportunities III Acquisition LP.

3

Defendant and/or member(s) of their immediate families; (vii) Defendants' liability insurance carriers; and (viii) the legal representatives, heirs, successors, and assigns of any person or entity excluded under provisions (i) through (vii) hereof.  [Also excluded from the Settlement Class are the persons and entities listed on Exhibit 1 hereto who or which are excluded from the Settlement Class pursuant to request.]

4.      **<u>Adequacy of Representation</u>** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Lead Plaintiffs as Class Representatives for the Settlement Class and appointing Lead Counsel as Class Counsel for the Settlement Class.  Lead Plaintiffs and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5.      **<u>Notice</u>** – The Court finds that the dissemination of the Postcard Notice, the online posting of the Notice, and the publication of the Summary Notice:  (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States

Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 77z-1, as amended, and all other applicable law and rules.

6. **<u>Final Settlement Approval and Dismissal of Claims</u>** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Settlement Class. The Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

7. The Action and all of the claims asserted against Defendants in the Action by Lead Plaintiffs and the other Settlement Class Members are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

8. **<u>Binding Effect</u>** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiffs and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. [The persons and entities listed on Exhibit 1 hereto are excluded from the Settlement Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.]

9. **<u>Releases</u>** – The Releases set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a) Without further action by anyone, and subject to paragraph 10

5

below, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and on behalf of any other person or entity legally entitled to bring Released Plaintiffs' Claims on behalf of the respective Settlement Class Member in such capacity only, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim against the Defendants and the other Defendants' Releasees, and shall forever be enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.  This Release shall not apply to any of the Excluded Claims (as that term is defined in paragraph 1(v) of the Stipulation).

(b)    Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and on behalf of any other person or entity legally entitled to bring Released Defendants' Claims on behalf of the Defendants in such capacity only, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim against Lead Plaintiffs and the other Plaintiffs' Releasees, and shall forever be enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees. [This Release shall not apply to any person or entity listed on Exhibit 1 hereto.]

10.    Notwithstanding paragraphs 9(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

11.    **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

12.    **No Admissions** – Neither this Judgment, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)    shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b)    shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c)    shall be construed against any of the Releasees as an admission,

7

concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; provided, however, that the Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

13. **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Action.

14. Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

15. **Modification of the Agreement of Settlement** – Without further approval from the Court, Lead Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Lead Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

16. **Termination of Settlement** – If the Settlement is terminated as provided

8

in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiffs, the other Settlement Class Members and Defendants, and the Parties shall revert to their respective positions in the Action as of June 24, 2024, as provided in the Stipulation.

17. **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED this _____ day of _____, 2024.

_____
The Honorable Ruth Bermudez Montenegro
United States District Judge

9

**Exhibit 1**

**[List of Persons and Entities Excluded from the Settlement Class Pursuant to Request]**