# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE PROGENITY, INC. SECURITIES LITIGATION | Case No.:  3:20-cv-01683-RBM-AHG |
| | **ORDER FOR ADDITIONAL BRIEFING IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL** |
| | **[Doc. 91]** |

Pending before the Court is Plaintiffs Lin Shen, Lingjun Lin, and Fusheng Lin's ("Plaintiffs") Motion for Preliminary Approval of the Class Action Settlement ("Motion"). (Doc. 91.)  On behalf of themselves and similarly situated investors, Plaintiffs assert claims for violations of Sections 11 and 15 of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §§ 77k and 77o, arising from allegedly misleading statements in Progenity, Inc.'s ("Progenity") Registration Statement issued in connection with its June 2020 initial public offering (the "IPO").  (Doc. 91-1 at 13.)  Having reviewed the submissions, the Court finds that additional briefing is warranted on the issues set forth below.

## I.     DISCUSSION

The Court's responsibility at the preliminary approval stage is to determine "whether approval under the 'fair, reasonable, and adequate' standard is likely." *Loreto v. Gen. Dynamics Info. Tech., Inc.*, Case No. 3:19-cv-01366-GPC-MSB, 2021 WL 3141208, at *3 (S.D. Cal. July 26, 2021) (citing Fed. R. Civ. P. 23(e)(1)(B)); *see Acosta v. Trans Union,*

*LLC*, 243 F.R.D. 377, 386 (C.D. Cal. 2007) ("[T]he settlement need only be potentially fair, as the Court will make a final determination of its adequacy at the hearing on the Final Approval, after such time as any party has had a chance to object and/or opt out."). If "the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval[,]" then preliminary approval of the settlement should be granted. *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007) (quoting Manual for Complex Litigation, Second § 30.44 (FJC 1985)).

In consideration of Rule 23(e)'s requirements, the Court has identified the following deficiencies:

*First*, the Motion does not identify individual class member recovery under the Proposed Settlement or the potential class member recovery on a claim-by-claim basis if Plaintiffs prevailed. *See O'Shea v. Am. Solar Sol., Inc.*, Case No. 3:14-cv-00894-L-RBB, 2019 WL 4198646, at *1 (S.D. Cal. June 12, 2019) ("A realistic estimate of individual class member recovery is relevant to the settlement fairness determination under Federal Rule of Civil Procedure 23(e)") (citing *In re Bluetooth Headset Prod. Liability Litig.*, 654 F.3d 935, 946 (9th Cir. 2011)). The Motion also fails to discuss how the related derivative action, *Bushansky v. Stylli et al.*, Case No. 3:21-cv-01065-RBM-AHG (S.D. Cal.), might be affected by the Proposed Settlement.

*Second*, the Proposed Plan of Allocation indicates that the Net Settlement Fund will be distributed to authorized claimants on a pro rata basis based on the relative size of their recognized claims. (Doc. 63-4 at 26–27.) However, if a claimant's distribution amount is less than $10, it will not be included in the calculation and that claimant will not receive a distribution. (*Id.*) While this additional criterion would disqualify certain Class Members from obtaining relief and still bind them to the Proposed Settlement and release of claims, Plaintiffs do not explain why this disqualification is fair or reasonable and do not provide any estimates of recovery under the Proposed Plan of Allocation. *See Ali v. Franklin*

*Wireless Corp.*, Case No.: 21-CV-00687-AJB-MSB, 2024 WL 270077, at *4 (S.D. Cal. Jan. 24, 2024) (denying preliminary approval of securities class action settlement where the plaintiff failed to explain how similar threshold disqualification was fair or reasonable).

***Third***, although the Settlement Agreement provides that any taxes, interest, and notice and administration costs will be deducted from the Settlement Fund ([Doc. 91-3, Ex. 1] ¶ 1(dd), 9), the Motion does not indicate the projected or maximum amount of notice and administration costs, or taxes and interest to be paid. (*But see id*. at 24 ("Lead Counsel may pay from the Settlement Fund, without further approval from Defendants or further order of the Court, all Notice and Administration Costs actually incurred and paid or payable.").)   The Court acknowledges that such figures are estimates at this stage. However, from the numbers and percentages provided, the Net Settlement Amount is indeterminate and, without more, the Court cannot ascertain whether "the relief provided for the class is adequate."  Fed. R. Civ. P. 23(e)(2)(C).

***Fourth***, Plaintiffs assert that "the $1 million recovery represents approximately 4.8% of estimated maximum damages of approximately $20.9 million (based on Section 11's statutory damages formula and Progenity's stock price on the date this suit was initiated)."  (Doc. 91-1 at 22.)   But Plaintiffs have not submitted any support for the estimated range of damages or calculations in support thereof.  *See In re Capstone Turbine Corp. Sec. Litig.*, No. Case No. CV 15-8914-DMG (RAOx), 2019 WL 11589721, at *1 (C.D. Cal. Apr. 23, 2019) (ordering plaintiffs to file declarations in support of preliminary approval where plaintiffs estimated maximum damages and included a formula for calculating each class member's "Recognized Loss Amount" in the proposed long-form notice but failed to offer any "evidence in the form of a sworn declaration or otherwise").

***Fifth***, the Settlement Agreement states that following the initial distribution of the settlement, if "it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to nonsectarian, not-for-profit organization(s), to be recommended by Lead Counsel and approved by the Court."  (Doc. 91-3 at 78.)   However, there is no discussion of this

3

provision or the proposed *cy pres* in the Motion, the Proposed Settlement, or any of the accompanying filings. *See O'Shea*, 2019 WL 4198646, at *1 ("Without designation of a *cy pres* award recipient and explanation of the nexus to the plaintiff class, the Court cannot complete its [preliminary] analysis of the settlement."); *Dennis v. Kellogg Co.*, 697 F.3d 858, 865 (9th Cir. 2012) ("[A] *cy pres* award must qualify as the next best distribution to giving the funds directly to class members.") (cleaned up).

*Finally*, the process for opting out of the Proposed Settlement appears to require individuals to essentially prove their class membership by requiring a host of information, including the number shares purchased, dates of purchase, and price of shares. (Doc. 91-3, Ex. A ¶ 13(b).) Unduly burdensome opt out processes are disfavored. *See Arena v. Intuit Inc.*, No. 19-CV-02546-CRB, 2021 WL 834253, at *10 (N.D. Cal. Mar. 5, 2021). Similarly, the process for submitting an objection requires individuals to "prove membership in the Settlement Class" and objectors to state "the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention." (Doc. 91-3, Ex. A-1 ¶ 84.) The Parties should therefore explain why such opt-out and objections requirements are not unduly burdensome given the circumstances of this litigation. *See* Fed. R. Civ. P. 23(e)(5)(A) Advisory Committee Notes (2018) ("Courts should take care . . . to avoid unduly burdening class members who wish to object, and to recognize that a class member who is not represented by counsel may present objections that do not adhere to technical legal standards.")

## II.   CONCLUSION

For the reasons stated above, the Court **ORDERS** the Parties to file a supplemental brief, jointly or separately, consistent with this Order on or before July 25, 2025.

**IT IS SO ORDERED.**

DATE:  July 14, 2025

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

4

3:20-cv-01683-RBM-AHG