# Exhibit 5

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| ALI ZAIDI, Individually and on Behalf of All Others Similarly Situated, <br><br>         Plaintiff, <br><br> vs. <br><br> ADAMAS PHARMACEUTICALS, INC., *et al.*, <br><br>         Defendants. | Case No. 4:19-cv-08051-JSW <br><br> [PROPOSED] CLASS DISTRIBUTION ORDER <br><br> Hearing Date: June 13, 2025 <br> Time: 9:00 a.m. <br> Location: Courtroom 5, 2nd Floor <br> Judge: Hon. Jeffrey S. White |

[PROPOSED CLASS DISTRIBUTION ORDER]

Having considered all materials and arguments submitted in support of Lead Plaintiff's Unopposed Motion for Class Distribution Order (the "Motion"), including the Memorandum of Law in Support of the Motion, the Declaration of Margery Craig Concerning the Results of the Claims Administration Process (the "Craig Declaration"), and the Declaration of Sharon M. McGowan of the Public Justice Foundation,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Class Distribution Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement (ECF No. 124-1) (the "Stipulation"). All terms not otherwise defined shall have the same meaning as set forth in the Stipulation or the Craig Declaration.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3. As set forth in the Craig Declaration, the administrative determinations of the Claims Administrator in accepting and rejecting Claims are approved. Specifically, the administrative determinations of the Claims Administrator accepting those Claims set forth in Exhibits C-1 and C-2 of the Craig Declaration are approved. Likewise, the administrative determinations of the Claims Administrator rejecting those Claims set forth in Exhibits D and E of the Craig Declaration are approved.

4. As set forth in the Craig Declaration, no new Claims may be accepted after April 17, 2025, and no further adjustments to submitted Claims may be made for any reason after April 17, 2025.

5. The Court authorizes payment of $18,667.29 from the Settlement Fund to the Claims Administrator for the fees and expenses already incurred and to be incurred in connection with the Initial Distribution, as described in the Craig Declaration.

6. The distribution plan for the Net Settlement Fund as set forth in the Craig Declaration and accompanying exhibits is approved. The balance of the Net Settlement Fund, after deducting the fees and expenses discussed in paragraph 5, shall be distributed to Authorized Claimants. To encourage Authorized Claimants to promptly deposit their payments, all distribution checks will

1

bear a notation: "CASH PROMPTLY. VOID AND SUBJECT TO REDISTRIBUTION 180 DAYS AFTER ISSUE DATE." Authorized Claimants who fail to cash, deposit, or negotiate a distribution check within the time allotted or consistent with the terms outlined in paragraph 21(a)(vi) of the Craig Declaration will irrevocably forfeit all recovery from the Settlement.

7. After the Initial Distribution of the Net Settlement Fund, the Claims Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash, deposit, or negotiate their distribution checks. To the extent any monies remain in the fund nine (9) months after the Initial Distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator shall conduct a redistribution of the funds remaining after payment of, or reserve for, any unpaid fees and expenses incurred in administering the Settlement, including for such redistribution, to Authorized Claimants who have cashed their Initial Distribution checks and who would receive at least $10.00 from such redistribution. Additional redistributions to Authorized Claimants who have cashed, deposited, or negotiated their prior checks and who would receive at least $10.00 on such additional redistributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional redistributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such redistributions, would be cost-effective.

8. At such time as Lead Counsel, in consultation with the Claims Administrator, determine that no additional distributions are cost-effective, then the remaining funds will be donated to the Public Justice Foundation, a non-sectarian, not-for-profit 501(c)(3) organization.

9. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of Claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members, whether or not they are to receive payment from the Net Settlement Fund, are barred from making any further claim against (a) the Net Settlement Fund, Lead Plaintiff or his counsel, the Claims Administrator, the Escrow Agent, or any other agent retained by Lead Plaintiff or Lead Counsel in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund, or (b) Defendants or

2

[PROPOSED] CLASS DISTRIBUTION ORDER                    Case No.: 4:19-cv-08051-JSW

Defendants' Counsel, beyond the amounts allocated to them pursuant to this Order; provided that such released persons acted in accordance with the Stipulation, the Judgment, and this Order.

10.    The Claims Administrator is authorized to discard: (a) paper or hard copies of the Claim Forms and supporting documents one year after the Second Distribution, if that occurs, or, if there is no Second Distribution, one year after the Initial Distribution; and (b) electronic or magnetic media data not less than one year after all funds have been distributed.

SO ORDERED this __16th__ day of __May_____, 2025.

_____
THE HONORABLE JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

3

[PROPOSED] CLASS DISTRIBUTION ORDER                    Case No.: 4:19-cv-08051-JSW