# Exhibit 8

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND JUDICIAL DIVISION

| | |
|---|---|
| In re K12 INC. SECURITIES LITIGATION | Master File No. 4:16-cv-04069-PJH |
| | Honorable Phyllis J. Hamilton |
| | [PROPOSED] **CLASS DISTRIBUTION ORDER** |
| | Hearing Date: February 25, 2021 |

Having considered all materials and arguments submitted in support of Lead Plaintiff's Unopposed Motion for Class Distribution Order (the "Motion"), including the Memorandum of Law in Support of the Motion, the Declaration of Michael McGuinness in Support of Lead Plaintiff's Motion for Class Distribution Order (the "McGuinness Declaration"), and the Declaration of Joseph P. Salvo in Support of Lead Plaintiff's Motion for Class Distribution Order,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      This Class Distribution Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement (ECF. No. 106-1) (the "Stipulation"). All terms not otherwise defined shall have the same meaning as set forth in the Stipulation or the McGuinness Declaration.

2.      This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3.      As set forth in the McGuinness Declaration, the administrative determinations of the Claims Administrator in accepting and rejecting Claims are approved. Specifically, the administrative determinations of the Claims Administrator accepting those Claims set forth in Exhibits C-1 and C-2 of the McGuinness Declaration are approved. Likewise, the administrative determinations of the Claims Administrator rejecting those Claims set forth in Exhibit C-3 of the McGuinness Declaration are approved.

4.      As set forth in the McGuinness Declaration, no new Claims or responses to deficiency letters received after May 1, 2020 may be included in the distribution.

5.      The Court authorizes payment of $11,090.54 from the Settlement Fund to the Claims Administrator for the fees and expenses already incurred and to be incurred in connection with the Initial Distribution, as described in the McGuinness Declaration.

6.      The distribution plan for the Net Settlement Fund as set forth in the McGuinness Declaration and accompanying exhibits is approved. The balance of the Net Settlement Fund, after deducting the fees and expenses discussed in paragraph 5, shall be distributed to Authorized Claimants. To encourage Authorized Claimants to promptly deposit their payments, all distribution checks will bear a notation: "DEPOSIT PROMPTLY.   VOID AND SUBJECT TO

REDISTRIBUTION IF NOT NEGOTIATED WITHIN 90 DAYS OF ISSUE DATE." Authorized Claimants who fail to cash, deposit, or negotiate a distribution check within the time allotted or consistent with the terms outlined in Paragraph 44(a)(iv) of the McGuinness Declaration will irrevocably forfeit all recovery from the Settlement.

7. After the Initial Distribution of the Net Settlement Fund, the Claims Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash, deposit, or negotiate their distribution checks. To the extent any monies remain in the fund nine (9) months after the Initial Distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator shall conduct a redistribution of the funds remaining after payment of, or reserve for, any unpaid fees and expenses incurred in administering the Settlement, including for such redistribution, to Authorized Claimants who have cashed their Initial Distributions and who would receive at least $10.00 from such redistribution. Additional redistributions to Authorized Claimants who have cashed, deposited, or negotiated their prior checks and who would receive at least $10.00 on such additional redistributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional redistributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such redistributions, would be cost-effective.

8. At such time as Lead Counsel, in consultation with the Claims Administrator, determine that no additional distributions are cost-effective, then the funds will be donated to Sesame Workshop, a non-sectarian, not-for-profit 501(c)(3) organization.

9. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims described herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund (the "Released Persons"), are released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members, whether or not they are to receive payment from the Net Settlement Fund, are barred from making any further claim against the Net Settlement Fund or the Released Persons beyond the amount allocated to them pursuant to this Order.

10. The Claims Administrator is authorized to discard: (a) paper or hard copies of the Claim Forms and supporting documents two years after the Initial Distribution or one year after the Second Distribution (if it occurs); and (b) electronic or magnetic media data not less than one year after the final distribution of the Net Settlement Fund to Authorized Claimants.

**SO ORDERED** this 1st day of February 2021.

The Honorable Phyllis J. Hamilton
United States District Judge

*IT IS SO ORDERED*
Judge Phyllis J. Hamilton