Robert V. Prongay (SBN 270796)
Joseph D. Cohen (SBN 155601)
Garth Spencer (SBN 335424)
**GLANCY PRONGAY WOLKE & ROTTER LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Email: rprongay@glancylaw.com
Email: jcohen@glancylaw.com
Email: gspencer@glancylaw.com

*Counsel for Lead Plaintiffs and the
Settlement Class*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE PROGENITY, INC. SECURITIES LITIGATION | Case No. 3:20-cv-01683-RBM-AHG |
| | **REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF: (1) LEAD PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION; AND (2) LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES** |
| | Hon. Ruth Bermudez Montenegro |
| | Hearing Date: February 23, 2026 Hearing Time: 10:00 a.m Location: 221 W. Broadway Courtroom: 5B |

REPLY MEMORANDUM

# TABLE OF CONTENTS

I.    INTRODUCTION ...................................................................................................1

II.   ARGUMENT .........................................................................................................3

    A.    The Positive Reaction of the Settlement Class Supports Approval of the Settlement ..............................................................................................3

    B.    The Settlement Class's Reaction Supports Approval of the Plan of Allocation ......................................................................................................5

    C.    The Settlement Class's Reaction Supports Approval of the Fee and Expense Application .....................................................................................5

III.  CONCLUSION ......................................................................................................7

# TABLE OF AUTHORITIES

CASES

*Ching v. Siemens Indus., Inc.*,
   2014 WL 2926210 (N.D. Cal. June 27, 2014)........................................................3

*Citigroup Inc. Bond Litig.*,
   296 F.R.D. 147 (S.D.N.Y. 2013) ...........................................................................4

*Cortez v. Vieira Custom Chopping, Inc.*,
   2020 WL 4369101 (E.D. Cal. July 20, 2020)..........................................................4

*Cullen v. RYVYL Inc.*,
   2025 WL 3731036 (S.D. Cal. Dec. 19, 2025) ..................................................3, 5, 6

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1998) .............................................................................3, 4

*In re Apollo Grp. Inc. Sec. Litig.*,
   2012 WL 1378677 (D. Ariz. Apr. 20, 2012) ...........................................................3

*In re Banc of California Sec. Litig.*,
   2020 WL 1283486 (C.D. Cal. Mar. 16, 2020) .........................................................6

*In re ECOtality, Inc. Sec. Litig.*,
   2015 WL 5117618 (N.D. Cal. Aug. 28, 2015)..........................................................3

*In re Extreme Networks, Inc. Sec. Litig.*,
   2019 WL 3290770 (N.D. Cal. July 22, 2019) ..........................................................4

*In re Heritage Bond Litig.*,
   2005 WL 1594403 (C.D. Cal. June 10, 2005)..........................................................5

*In re Immune Response Sec. Litig.*,
   497 F. Supp. 2d 1166 (S.D. Cal. May 31, 2007).....................................................6

*In re Omnivision Techs., Inc.*,
   559 F. Supp. 2d 1036 (N.D. Cal. 2008)............................................................3, 5, 6

*In re Signet Jewelers Ltd. Sec. Litig.*,
   2020 WL 4196468 (S.D.N.Y. July 21, 2020)...........................................................2

REPLY MEMORANDUM

ii

*In re Stable Road Acquisition Corp. Sec. Litig.*,
2024 WL 3643393 (C.D. Cal. Apr. 23, 2024)...........................................................5

*In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. L*iab. Litig.,
2019 WL 2077847 (N.D. Cal. May 10, 2019).........................................................5

*Kendall v. Odonate Therapeutics, Inc.*,
2022 WL 1997530 (S.D. Cal. June 6, 2022) ...........................................................6

*Khoja v. Orexigen Therapeutics, Inc.*,
2021 WL 5632673 (S.D. Cal. Nov. 30, 2021)..........................................................4

*Linney v. Cellular Alaska P'ship*,
151 F.3d 1234 (9th Cir. 1998) .................................................................................3

*Maine State Ret. Sys. v. Countrywide Fin. Corp.*,
2013 WL 6577020 (C.D. Cal. Dec. 5, 2013).............................................................4

*Mauss v. NuVasive, Inc.*,
2018 WL 6421623 (S.D. Cal. Dec. 6, 2018) ...........................................................5

*Ressler v. Jacobson*,
149 F.R.D. 651 (M.D. Fla. Dec. 15, 1992)................................................................2

*Waldbuesser v. Northrop Grumman Corp.*,
2017 WL 9614818 (C.D. Cal. Oct. 24, 2017) ..........................................................6

REPLY MEMORANDUM

iii

Court-appointed lead plaintiffs Lin Shen, Lingjun Lin, and Fusheng Lin (collectively, "Lead Plaintiffs"), and Court-appointed lead counsel Glancy Prongay Wolke & Rotter LLP ("Lead Counsel"), respectfully submit this memorandum in further support of: (i) Lead Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation (ECF No. 98); and (ii) Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (ECF No. 99; the "Fee and Expense Application").[1]

## I. INTRODUCTION

Pursuant to the Court's October 23, 2025, Order Granting Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (ECF No. 96; "Preliminary Approval Order"), approximately 13,421 copies of the Court-approved Postcard Notice, Notice Packet (consisting of the Notice and Claim Form), or links to the Notice and Claim Form, were disseminated to potential Settlement Class Members and the largest brokerage firms, banks, institutions, and other nominees.[2] In addition, the Court-appointed Claims Administrator, Strategic Claims Services ("SCS"): (i) caused the Summary Notice to be published in *Investor's Business Daily* and transmitted over *PR Newswire* on December 8, 2025,[3] and (ii) the Notice, Claim

---

[1] Unless otherwise defined, all capitalized terms used herein have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated May 7, 2025 (the "Stipulation"; ECF No. 91-3), or the Declaration of Garth Spencer in Support of (I) Lead Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation; and (II) Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (ECF No. 99-2).

[2] *See* Supplemental Declaration of Margery Craig Concerning: (A) Mailing/Emailing of Notice; (B) Report on Requests for Exclusion and Objections; and (C) Claims Received to Date (the "Suppl. Mailing Decl.") (attached as Exhibit 1 hereto) ¶¶3-4.

[3] *See* ECF No. 99-3 (Declaration of Margery Craig Concerning: (A) Mailing of CAFA Notices; (B) Mailing/Emailing of Notice; (C) Publication of the Summary Notice; and (D) Report on Requests for Exclusion and Objections ("Initial Mailing Decl.")), ¶15 & Ex. E.

Form, Postcard Notice, Stipulation, Preliminary Approval Order, and the Third Amended Complaint for Violation of the Securities Act of 1933, among other important case-related documents, to be posted on the Settlement Website (www.strategicclaims.net/progenity).  *See* Initial Mailing Decl. ¶17.  The Postcard Notice, Notice, Summary Notice, and Settlement Website informed Settlement Class Members of the February 3, 2026, deadline to: (i) submit an objection to the Settlement, Plan of Allocation, and/or Fee and Expense Application; or (ii) request exclusion from the Settlement Class.  *See id.* ¶¶18-19, & Exs. B, D and E.

On January 20, 2026, Lead Plaintiffs and Lead Counsel filed their opening papers in support of final approval of the Settlement, Plan of Allocation, and request for attorneys' fees and reimbursement of Litigation Expenses.  The motions are supported by the declarations of Lead Plaintiffs, Lead Counsel, and the Claims Administrator.  These papers are available on the public docket and on the Settlement Website.  *See* ECF Nos. 98-99; Suppl. Mailing Decl. ¶7.

Following this extensive notice process, *not one* Settlement Class Member has: (i) objected to the Settlement, the Plan of Allocation, or Lead Counsel's Fee and Expense Application; or (ii) requested exclusion from the Settlement Class.  *See id.* ¶¶8-9.  The absence of any objections and opt-outs by Settlement Class Members provides strong evidence of the fairness and reasonableness of the proposed Settlement, Plan of Allocation, and request for attorneys' fees and reimbursement of Litigation Expenses.  *See In re Signet Jewelers Ltd. Sec. Litig.*, 2020 WL 4196468, at *6 (S.D.N.Y. July 21, 2020) ("The absence of any objections and the small number of requests for exclusion support a finding that the Settlement is fair, reasonable, and adequate."); *id.* at *21 ("The absence of any objections to the requested attorneys' fees and Litigation Expenses supports a finding that the request is fair and reasonable."); *Ressler v. Jacobson*, 149 F.R.D. 651, 656 (M.D. Fla. Dec. 15, 1992) ("The fact that there are no objections to either the Settlement or to Petitioners' request for attorney's fees is strong evidence of the propriety and acceptability of that

request.”); *In re ECOtality, Inc. Sec. Litig.*, 2015 WL 5117618, at *3 (N.D. Cal. Aug. 28, 2015) (“After receiving notice of the proposed settlement, class members in this suit have been silent.  As a result, this factor weighs heavily in favor of approval.”).[4]

For all the reasons set forth herein, and in the opening papers filed with the Court on January 20, 2026, Lead Plaintiffs and Lead Counsel respectfully request that the Court approve the Settlement, Plan of Allocation, and request for attorneys’ fees and reimbursement of Litigation Expenses.

## II.     ARGUMENT

### A.     The Positive Reaction of the Settlement Class Supports Approval of the Settlement

In this Circuit, “the reaction of the class members to the proposed settlement” is one of the factors to consider in analyzing whether a settlement is fair, reasonable, and adequate.  *See, e.g.*, *Linney v. Cellular Alaska P’ship*, 151 F.3d 1234, 1242 (9th Cir. 1998); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998) (same). “Indeed, the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms ... are favorable to the class members.”  *Cullen v. RYVYL Inc.*, 2025 WL 3731036, at *11 (S.D. Cal. Dec. 19, 2025); *see also Ching v. Siemens Indus., Inc.*, 2014 WL 2926210, at *6 (N.D. Cal. June 27, 2014) (“the Court may appropriately infer that a class action settlement is fair, adequate, and reasonable when few class members object to it.”).

Here, the lack of a single objection to, or request for exclusion from, the Settlement demonstrates that the proposed Settlement is fundamentally fair, reasonable, and adequate.  *See, e.g.*, *In re Apollo Grp. Inc. Sec. Litig.*, 2012 WL 1378677, at *3 (D. Ariz. Apr. 20, 2012) (“There have been no objections from Class Members or potential class members, which itself is compelling evidence that the Proposed Settlement is fair, just, reasonable, and adequate.”); *In re Omnivision*

---

[4] Unless otherwise indicated, all internal quotations and citations are omitted.

*Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008) ("By any standard, the lack of objection of the Class Members favors approval of the Settlement."); *Khoja v. Orexigen Therapeutics, Inc.*, 2021 WL 5632673, at *7 (S.D. Cal. Nov. 30, 2021) ("Considering the number of Notice Packets mailed to potential Class Members and the fact that zero objections have been filed, the Court finds that the reaction of the Class Members to the Settlement weighs in favor of approving the Settlement.").[5]

Moreover, the fact that no institutional investors or other large shareholders have objected to the proposed Settlement further underscores its reasonableness. *See, e.g.*, *In re Extreme Networks, Inc. Sec. Litig.*, 2019 WL 3290770, at *9 (N.D. Cal. July 22, 2019) ("Many potential class members are sophisticated institutional investors; the lack of objections from such institutions indicates that the settlement is fair and reasonable."); *Citigroup Inc. Bond Litig.*, 296 F.R.D. 147, 156 (S.D.N.Y. 2013) (finding "class's reaction weighs heavily in favor of approval" where "not one of the objections or requests for exclusion was submitted by an institutional investor.").

Settlement Class Members' affirmative participation in the Settlement by submitting claims also indicates a positive reaction to the Settlement. The claims filing deadline was February 3, 2026, and approximately 2,107 Claims were submitted by potential Settlement Class Members seeking to participate in the Settlement. Supp. Mailing Decl. ¶10.[6]

---

[5] *See also Hanlon*, 150 F.3d at 1027 (that the "overwhelming majority" stayed in the class is "objective positive commentary as to its fairness"); *Cortez v. Vieira Custom Chopping, Inc.*, 2020 WL 4369101, at *6 (E.D. Cal. July 20, 2020) ("The lack of objections or class members opting out of the settlement suggests general approval of the settlement by the class."); *Maine State Ret. Sys. v. Countrywide Fin. Corp.*, 2013 WL 6577020, at *16 (C.D. Cal. Dec. 5, 2013) (69 exclusion requests in response to mailing of over 50,000 notices supports settlement).

[6] Lead Counsel will provide the Court with a further update on the status of claims at the February 23, 2026, Settlement Hearing. Moreover, once the claims administration process is complete, SCS will submit a declaration in conjunction with Lead

**B.      The Settlement Class's Reaction Supports Approval of the Plan of Allocation**

The favorable reaction of the Settlement Class also supports approval of the Plan of Allocation. *See Cullen*, 2025 WL 3731036, at *12 ("the lack of any objections to the Plan of Allocation after distributing the Notice further evinces that it is fair."); *In re Heritage Bond Litig.*, 2005 WL 1594403, at *12 (C.D. Cal. June 10, 2005) ("In light of the lack of objectors to the plan of allocation at issue, and the competence, expertise, and zeal of counsel in bringing and defending this action, the Court finds the plan of allocation as fair and adequate."); *Mauss v. NuVasive, Inc.*, 2018 WL 6421623, at *4 (S.D. Cal. Dec. 6, 2018) (concluding that the proposed plan of allocation was fair and reasonable after noting "[t]he Plan of Allocation was described in detail in the notice and no class member objected."); *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*, 2019 WL 2077847, at *3 (N.D. Cal. May 10, 2019) (only one objection and 16 opt outs "supports [conclusion] that the settlement and plan of allocation are fair, reasonable, and adequate.").

**C.      The Settlement Class's Reaction Supports Approval of the Fee and Expense Application**

Finally, the reaction of the Settlement Class should be considered with respect to Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, including the request that Lead Plaintiffs be reimbursed for the costs incurred as a direct result of their representation of the Settlement Class. *See In re Stable Road Acquisition Corp. Sec. Litig.*, 2024 WL 3643393, at *14 (C.D. Cal. Apr. 23, 2024) ("the existence or absence of objectors to the requested attorneys' fee is a factor [in] determining the appropriate fee award."); *Omnivision*, 559 F. Supp. 2d

Counsel's Motion for Class Distribution Order, which will set forth the final accepted and rejected claim numbers. *See* Stipulation ¶26.

at 1048 ("The reaction of the class may also be a determining factor in … determining the fee award.").

Here, the absence of any objections from Settlement Class Members to the Fee and Expense Application supports a finding that the request, including the PSLRA awards to Lead Plaintiffs, is fair and reasonable. *See In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1177 (S.D. Cal. May 31, 2007) ("the lack of objection from any Class Member supports the attorneys' fees award."); *In re Banc of California Sec. Litig.*, 2020 WL 1283486, at *1 (C.D. Cal. Mar. 16, 2020) (awarding 33% of $19.75 million settlement fund where "over 35,000 copies of the Notice were disseminated to potential Class Members … and no objections to the fees or expenses were filed by Class Members."); *Waldbuesser v. Northrop Grumman Corp.*, 2017 WL 9614818, at *5 (C.D. Cal. Oct. 24, 2017) (finding receipt of only two objections to fee request, after mailing 210,000 notices, was "remarkably small given the wide dissemination of notice," and "conclud[ing] that the lack of significant objections to the requested fees justifies an award of one-third of the [$16.75 million] settlement fund."); *Omnivision*, 559 F. Supp. 2d 1036, 1049 (awarding lead plaintiffs $29,913.80 from the settlement fund in securities class action where class members were provided notice and "no one objected."); *Cullen*, 2025 WL 3731036, at *16 (finding a $5,000 PSLRA award to lead plaintiff reasonable and noting "the lack of any objections to the proposed award to Lead Plaintiff also supports the reasonableness of the award.").[7]

---

[7] *See also NECA-IBEW Pension Trust Fund et al. v. Precision Castparts Corp., et al.*, No. 16-cv-01756, ECF No. 169 at 1-2 (D. Or. May 7, 2021) (awarding 33.3% of $21 million settlement fund where "no objections to the fees or expenses were filed by Class Members."); *Kendall v. Odonate Therapeutics, Inc.*, 2022 WL 1997530, at *6 (S.D. Cal. June 6, 2022) (awarding 33⅓% of $12.75 million settlement fund and $5,000 to Lead Plaintiff in securities class action where "no objections to the settlement or requested attorneys' fees, costs, or incentive award have been filed.").

In sum, the complete absence of objections and opt-outs strongly militates in favor of a finding that: (i) the Settlement is fair, reasonable, and adequate; (ii) the proposed Plan of Allocation is fair and equitable; and (iii) Lead Counsel's Fee and Expense Application is fair and reasonable.

## III.   CONCLUSION

Based on the foregoing and the entire record herein, Lead Plaintiffs and Lead Counsel respectfully request that the Court: (i) approve the Settlement and Plan of Allocation as fair, reasonable, adequate, and in the best interest of the Settlement Class; (ii) award attorneys' fees to Lead Counsel in the amount of 25% of the Settlement Fund, plus Lead Counsel's out-of-pocket expenses in the amount of $79,409.10; and (iii) award $2,500 each to Lead Plaintiffs Lin Shen, Lingjun Lin, and Fusheng Lin, as reimbursement for time spent representing the Settlement Class.

The Settlement is conditioned on the entry of the [Proposed] Judgment. *See* Stipulation ¶¶30, 31(e), 34; Ex. B. A conformed version of the [Proposed] Judgment, which incorporates the relevant dates and lack of objections and requests for exclusion, is submitted concurrently herewith, along with a proposed Order Approving Plan of Allocation of Net Settlement Fund, and a proposed Order Awarding Attorneys' Fees and Reimbursement of Litigation Expenses. Lead Plaintiffs and Lead Counsel respectfully request that the Court enter the accompanying proposed orders.

DATED:  February 17, 2026

**GLANCY PRONGAY WOLKE & ROTTER LLP**

By:  *s/ Garth Spencer*

Robert V. Prongay
Joseph D. Cohen
Garth Spencer
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Email: rprongay@glancylaw.com
Email: jcohen@glancylaw.com
Email: gspencer@glancylaw.com

*Counsel for Lead Plaintiffs and the Settlement Class*

**<u>PROOF OF SERVICE BY ELECTRONIC POSTING</u>**

I hereby certify that on this 17th day of February, 2026, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*s/ Garth Spencer*
Garth Spencer